546 So.2d 654 (1989)
James E. TWEEDEL, Plaintiff-Appellee,
v.
FIRE PROTECTION DISTRICT # 1 CIVIL SERVICE BOARD, Defendant-Appellant.
No. 88-530.
Court of Appeal of Louisiana, Third Circuit.
July 5, 1989.
I. Jackson Burson, Jr., Eunice, for defendant/appellant.
Guy O. Mitchell, Ville Pla.tte, for plaintiff/appellee.
Before STOKER, LABORDE and YELVERTON, JJ.
STOKER, Judge.
This is an appeal by the Fire Protection District No. 1 of St. Landry Parish, Civil Service Board[1] from a judgment of the district court reversing a decision of the Board. The Board's decision had affirmed the termination of plaintiff's employment by the Board of Commissioners of the Fire Protection District # 1 in Krotz Springs, Louisiana for violation LSA-R.S. 33:2560 A(l), (3) and (5). The trial court set aside the termination of employment and substituted a 30-day suspension without pay. We affirm the district court.
*655 The relevant allegations were set forth in letters to plaintiff as follows:
"On August 4,1987 between the approximate hours of 9:00 A.M. and 11:00 A.M., while on a [sic] Emergency Mission at the residence of Warren Johnson, you did, in our opinion, violate Sec. 2560, A 1, 3 and 5 of the Civil Service Laws by copying documents of a personal nature and did share contents of these documents with others." (Prom letter dated August 9, 1987). "Additional allegations of misconduct on your part which will be discussed at the Civil Service hearing on September 9, 1987 are:
"Section 2560, A 1 and 3, in that you told the Fire Chief a falsehood by telling him at approxiamtely 8:00 A.M., August 6,1987 that you had destroyed copies of notes that you made while at the house of Warren Woodson, and then later, in the afternoon of that same day, you `brought copies to the Fire Station and attached them to the incident report.'" (From letter dated August 27, 1987.)
The emergency mission was to assist at the investigation of a suicide. At his residence the suicide victim had left numerous messages for family and friends in two notebooks and on walls, a refrigerator and a mirror. By the time fire and police personnel arrived at the scene of the suicide, between 50 and 75 onlookers had gathered in the house and yard. Plaintiff, a fireman who also served as a part-time police officer, was asked to assist the police. In an attempt to preserve the evidence, some of which people were attempting to remove, plaintiff made a copy of the messages left by the deceased. Plaintiff took his copy of the messages with him when he left the residence of the suicide victim. At some point he apparently made a second copy to be appended to the fire department's incident report. Also, at some point plaintiff communicated the contents of the messages to certain persons without authority from the victim's family or his superiors. Through plaintiffs girlfriend he related certain portions of the messages to friends of the deceased who had inquired as to whether the victim had left any messages for them. The plaintiff also gave a complete copy of the victim's messages to a fellow fireman for delivery to the minister of the victim's family. On the following day, at the urging of a family member, the fire chief contacted the plaintiff and requested that plaintiff destroy his copy of the notes. Apparently the fire chief did not know that plaintiff had made a second copy which plaintiff intended to attach to the incident report. The fire chief learned of the second copy and called plaintiff again to instruct him to attach the second copy to the incident report Plaintiff complied with these requests.
Plaintiff was fired from his job as a fireman for Krotz Springs for disseminating the contents of the suicide notes to the public. Apparently this action was influenced by a request of an uncle of the suicide victim who was a police juror for St. Landry Parish. The Civil Service Board affirmed the decision of the appointing authority. Plaintiff appealed to the district court which found no cause for termination and reinstated plaintiffs employment with back pay. In effect the district court amended the termination order by ordering a one-month suspension without pay. The Civil Service Board appeals this judgment. The plaintiff-employee asks that we affirm the district court's judgment.

OPINION
The standard of review by the district court for an appeal from a decision of a Civil Service Board is a determination of whether the decision of the appointing authority or the Board was made in good faith and for cause. "In good faith" has been interpreted to mean the opposite of arbitrary or capricious action or action that stems from prejudice or political expediency on the part of the appointing authority. "Cause" means legal cause and the evidence must show that the dismissal was necessary for the discipline and efficiency of the service or that it was needed to avoid some detriment to that department or to the city. LSA-R.S. 33:2561; Cherry v. Monroe Mun. Fire & Police Civil Serv. *656 Bd., 514 So.2d 738 (La.App. 2d Cir.1987); City of Westwego v. McKee, 448 So.2d 166 (La.App. 5th Cir.1984); Trahan v. City of Jennings Mun. Fire & Police Civil Sere. Bd., 411 So.2d 1242 (La.App. 3d Cir.1982); Martin v. City of St Martinville, 321 So.2d 532 (La.App. 3d Cir.1975), writ denied, 325 So.2d 273 (La.1976).
Plaintiff was charged with violations of LSA-R.S. 33:2560 A(l), (3) and (5), which are set forth below:
"§ 2560. Corrective and disciplinary action for maintaining standards of service
"A. The tenure of persons who have been regularly and permanently inducted into positions of the classified service shall be during good behavior. However, the appointing authority may remove any employee from the service or take such disciplinary action as the circumstances warrant in the manner provided below, for any one of the following reasons:
"1. Unwillingness or failure to perform the duties of his position in a satisfactory manner."

* * * * * *
"3. The commission or omission of any act to the prejudice of the departmental service or contrary to the public interest or policy."

* * * * * *
"5. Conduct of a discourteous or wantonly offensive nature toward the public or toward any municipal officer or employee, and any dishonest, disgraceful or immoral conduct."
The district court held in favor of plaintiff and gave the following written reasons for judgment:
"I conclude that, as a matter of law, there was not `cause' for termination of appellant's employment.
"Tweedel was insensitive and made a substantial misjudgment. However, that is all there wasinsensitivity and judgmental error. This justifies only mild to moderate discipline.
"From oral argument and lack of discussion in briefs, I take it that this court can not only set aside but correct the actions of the lower bodies. Discipline will be limited to thirty (30) days suspension without pay."
After a careful review of the record we conclude that the district court applied the proper standard of review of the agency's action in discharging plaintiff and the affirmance by the St. Landry Parish Civil Service Board. We find no error in the district court's holding that the conduct of James E. Tweedel which was proved did not constitute legal cause under LSA-R.S. 33:2560 for termination of employment. Tweedel has not complained of the suspension without pay and has asked for affirmance of the district court's judgment. We affirm the judgment of the district court.
AFFIRMED.
NOTES
[1] This is the designation given to appellant in the record lodged in this court of appeal in this case.