THIBODEAUX, Judge.
This is an appeal by Earl Hardison, Jr. from a judgment of the district court reversing a decision of the Natchitoches Municipal Fire and Police Civil Service Board. The Board’s decision had affirmed a determination by the appointing authorities (City of Natchitoches and its fire chief) that Har-dison, an assistant fire chief for the City of Natchitoches, had violated fire department regulation for which discipline was warranted. The Board, however, overturned the discipline imposed and substituted its own sanction. The trial court set aside the Board’s decision and reinstated the decision of the appointing authority.
We affirm in part, reverse in part, and remand.
Plaintiff, Earl Hardison, Jr., was the assistant fire chief for the City of Natchitoch-es whose shift had been assigned to investigate an electrical fire at a Natchitoches residence. After the residential fire was brought under control, plaintiff and his crew returned to the fire station. No subsequent examination of the fire scene was made. Several hours later, the residence was engulfed in flames. The origin of the fire was in the same area as the original fire.
The procedural manual of the Natchi-toches Fire Department outlined the steps *356 which should be taken after a structural fire. It provides that “[t]he Assistant Chief or a designated Captain will return to the fire scene periodically to check for any rekindling that might occur. A check shall also be made just before dark.”
The evidence was undisputed that Hardi-son failed to follow the prescribed procedures in that neither he nor anyone acting under his direction returned to the fire scene after the initial investigation. Consequently, Hardison was suspended for ten working shifts without pay by the appointing authority, Chief Bobby Hebert. The suspension was equivalent to a 30-day suspension.
Hardison appealed to the City of Natchi-toches Municipal Fire and Police Civil Service Board. The Board concluded that Har-dison had violated the operating procedures of the Natchitoches Fire Department and that the appointing authority had cause to undertake disciplinary action. However, it also concluded that the appointing authority failed to act in good faith because the discipline imposed was too severe. The Board then reduced the suspension to a letter of reprimand which would be placed in Hardison’s personnel file.
The City of Natchitoches appealed the Board’s decision to the district court which reversed the Board and reinstated the 30-day suspension imposed by Chief Hebert. Hardison appealed the district court’s ruling and asserts two assignments of error: the district court erred in reversing the decision of the Board and in failing to remand to the Board to allow it to clarify whether the city was in good faith for reasons unrelated to the severity of the punishment.
For the reasons enumerated below, we affirm in part, reverse in part the judgment of the district court, and remand.
OPINION
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for cause. La. Const, art. 10 § 8(A). An employee who feels that he has been subjected to disciplinary action without just cause may appeal the action of the appointing authority to the appropriate Civil Service Board governing his locale. LSA-R.S. 33:2501(A). The appointing authority must demonstrate by a preponderance of the evidence that the conduct of the disciplined employee impaired the efficient and orderly operation of the public service. Walters v. Department of Police of New Orleans, 454 So.2d 106 (La.1984); Laborde v. Alexandria Municipal Fire and Police Civil Service Board, 566 So.2d 426 (La.App. 3d Cir.1990), writ denied, 568 So.2d 1055 (La.1990). An adverse decision may be appealed to the district court where the standard of review is a determination of whether the decision of the appointing authority or the Board was made in good faith and for cause. LSA-R.S. 33:2501(E)(1), (3); Tweedel v. Fire Protection District No. 1, 546 So.2d 654 (La.App. 3d Cir.1989).
Tweedel, supra at p. 655 stated that:
‘In good faith’ has been interpreted to mean the opposite of arbitrary or capricious action or action that stems from prejudice or political expediency on the part of the appointing authority.
‘Cause’ means legal cause and the evidence must show that the dismissal was necessary for the discipline and efficiency of the service or that it was needed to avoid some detriment to that department or to the city. (Citations omitted).
All parties agree that Assistant Chief Har-dison violated a fire department regulation when he failed to return to the scene of the structural fire. The Board found that cause for disciplinary action was established, but the appointing authority was in bad faith because the disciplinary action was “too severe.”
The district court was correct in finding that the Board committed an error of law when it concluded Chief Hebert was in bad faith merely because it disagreed with the ten day shift suspension. Good faith is linked to the decision to discipline by the appointing authority, not to the degree of disciplinary action taken.
*357 The district court relied on City of Kenner v. Wool, 320 So.2d 245 (La.App. 4th Cir.1975) in support of its decision that the Board exceeded its authority. City of Ken-ner v. Wool stands for the proposition that a civil service commission is “... not vested with the authority to modify or set aside the decision of an appointing authority merely because the commission disagrees with that decision or finds it too harsh.” Id. at p. 248. The district court interpreted City of Kenner v. Wool to mean that the Natchitoches Municipal Fire and Police Civil Service Board was without authority to modify even the penalty imposed. We disagree.
Clearly, “[t]he Commission has a duty to decide independently from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction.”
Walters, supra 454 So.2d at 113; Lafayette v. Fire and Police Civil Service Board, 512 So.2d 533 (La.App. 3d Cir.1987). (Emphasis added). Once the Natchitoches Municipal Fire and Police Civil Service Board determined that Chief Hebert had lawful cause, it could have lawfully considered the severity of the penalty in accordance with the statutory guidelines imposed by LSA-R.S. 33:2501(C)(1).
To hold otherwise would circumvent the Board’s performance of its constitutional duty to “hear and decide all removal and disciplinary cases” under La. Const. art. 10 § 12(A). The restrictions on a Board’s power to review discipline would transgress the clear teachings of Walters, supra, and Lafayette v. Fire and Police Civil Service Board, supra. Moreover, allowing the Board the power to review discipline deters an appointing authority from imposing with impunity an otherwise unconscionable and inappropriate discipline.
In this case, the Board did not reverse the decision of the appointing authority; indeed, it agreed with the appointing authority that Hardison had abrogated his responsibilities and, as such, his action merited discipline. That decision was left intact. The Board simply felt that the punishment was not commensurate with the violation Hardison committed.
The City argues that the Board has no statutory authority to order that a letter of reprimand be placed in Hardison’s employee records. We agree. LSA-R.S. 33:2501(C)(1) clearly does not bestow unlimited power upon the Board to modify disciplinary action imposed upon an employee by the appointing authority. The Board may modify the discipline “by directing a suspension without pay, for a given period.” LSA-R.S. 33:2501(0(1). This is the only option available to the Board. By ordering the letter of reprimand, the Board failed to obey this statutory directive. Thus, the modification of the penalty was an abuse of discretion. The district court was correct in observing that the Board exceeded its authority. Because the Board may review the punishment imposed by the appointing authority, as we have held, it is necessary to remand this case to the district court with instructions to remand to the Natchitoches Municipal Fire and Police Civil Service Board so that the Board may consider proper discipline consistent with the directives of LSA-R.S. 33:2501(C)(1); Cf. City of Bossier v. Gauthier, 512 So.2d 623 (La.App.2d Cir.1987), writ denied 514 So.2d 1182 (La.1987).
Appellant argues that it was error for the district court to not remand to the Natchitoches Municipal Fire and Police Civil Service Board to allow it to clarify whether the city was in good faith for reasons unrelated to the severity of the punishment. This argument lacks merit. The Reasons For Judgment articulated by the Board unequivocally state that “... the appointing authority did not act in good faith in that the disciplinary action was too severe.” (emphasis added). The record lacks reference to any finding of good faith or bad faith except based on the severity of the punishment.
For the above reasons, the judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions to the district court to remand this matter to the Natchitoches Municipal Fire and Police *358 Civil Service Board for proceedings consistent with this opinion.
Costs of this appeal are taxed equally to the plaintiff and to the defendant.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.