| tPETERS, Judge.
The plaintiff, Carolyn S. Bruce, filed this action in district court requesting judicial review of a hearing officer decision in favor of the State of Louisiana, Department of Health and Hospitals (DHH), denying her request for Medicaid benefits. The defendant filed a certified copy of the record of the administrative proceedings in the district court record but did not file an answer. Ms. Bruce requested and was granted a default judgment against DHH, reversing the hearing officer’s decision and awarding her Medicaid assistance retroactive to July 1993. DHH has suspensively appealed this default judgment.
DISCUSSION OF THE RECORD
Ms. Bruce applied for Medicaid assistance, claiming physical and mental disabilities resulting from an accidental injury she claims to have sustained on June 8, 1993. A Medical Eligibility Determination Team reviewed the available medical |2evidence and concluded that Ms. Bruce did not meet the necessary eligibility requirements. She was informed of this rejection on March 3, 1993.
On April 13, 1993, she again applied, and the Medical Eligibility Determination Team rejected her application on April 21, 1993.. Ms. Bruce then sought and received a hearing before a hearing officer. The hearing officer rejected her application by written reasons dated September 9, 1993. She then sought judicial review in the district court.
The petition for review was filed on October 10, 1994, and a certified copy of the administrative appeal record was filed in the district court record on January 23, 1995. Ms. Bruce entered a preliminary default against DHH on January 23, 1995, and that default was confirmed on February 27, 1995. The defendant appeals contending that a default judgment is not the proper method for reviewing a hearing officer determination.
*682 OPINION
The right to judicial review of the decision of a hearing officer concerning Medicaid benefits is provided by La.R.S. 46:107(C). This review process is governed by the provisions of the Administrative Procedure Act, La.R.S. 49:950 et seq. La.R.S. 46:107(D). The rules governing judicial review of agency decisions are contained in La.R.S. 49:964. Ms. Bruce timely filed her petition in the district court within thirty days after the mailing of the notice of the agency’s final decision. La.R.S. 49:964(B). At this point, the burden, in effect, shifted to the agency. La.R.S. 49:964(D) provides in pertinent part as follows:
D. Within thirty days after the service of the petition, or within further time allowed by the court, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review.
In this case, Ms. Bruce filed her petition on October 10, 1994. DHH did not file a | gcertified copy of the record of the agency proceedings until January 23, 1995. This was long after the thirty-day time period had expired, and there is no indication that the court granted DHH additional time to comply with La.R.S. 49:964(D). Ms. Bruce obtained a preliminary default on January 23, 1995, the same day the copy of the agency proceedings was filed. DHH did not file an answer to Ms. Bruce’s petition. On February 27, 1995, the district court rendered a judgment of default in Ms. Bruce’s favor. The effect of this judgment was to reverse the decision of DHH, denying Ms. Bruce’s application for Medicaid assistance.
We conclude that the district court erred in granting the judgment of default against DHH. A default judgment as contemplated by the Louisiana Code of Civil Procedure requires evaluation of evidence in the first instance, not in a reviewing capacity. See La.Code Civ.P. art. 1701-1704. The district court’s review of the agency action is limited to a review of the record, subject only to the right of the parties to file written briefs and ask for oral argument. La.R.S. 49:964(F). Additionally, although we have not been provided with a transcript of the confirmation proceedings, the court inmutes indicate that “Ms. Bruce was sworn and testified.” La. R.S. 49:964(F) limits the district court’s review to the record as filed pursuant to La. R.S. 49:964(D). That record may only be supplemented by remand to the agency that rendered the original decision. La.R.S. 49:964(E). A judgment of default was neither an available nor an appropriate remedy in this suit. Because review of the denial of Medicaid benefits is governed by the provisions of the Administrative Procedure Act, Ms. Bruce was limited to the provisions of La.R.S. 49:964 for her available remedies against DHH.
We acknowledge that La.R.S. 49:964(D) is unclear with regard to the remedies available upon the agency’s failure to timely file a copy of the agency proceedings ¡4Ínto the record and that there is no jurisprudence under this provision. La.R.S. 49:964(G) provides the options available to the district court after it has conducted its review of the record, and these options do not include the award of a default judgment. Still, DHH cannot be permitted to indefinitely delay the filing of a certified copy of the agency proceedings. The district court “possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law.” La.Code Civ.P. art. 191. However, a default judgment is not the proper remedy.
DISPOSITION
Finding that the trial court erred in granting the default judgment, we reverse and remand this action for further proceedings in accordance with the provisions of La.R.S. 49:964. All costs of this appeal are taxed to the plaintiff, Carolyn S. Bruce.
REVERSED AND REMANDED.