h CARAWAY, J.
The state of Louisiana, through the Department of Health and Hospitals (“DHH”), appeals the trial court’s reversal of a decision by an administrative law judge which denied claimant mental retardation benefits. DHH’s failure to timely file the record of the administrative hearings in the trial court prompted the trial court’s ruling. Finding the trial court’s remedy for DHH’s failure inappropriate, we reverse and remand.

Facts and Procedural History

Claimant, Maranda Forgione (“For-gione”), applied for services under the Mental Retardation Developmental Disability law in November 2000. The Office for Citizens with Developmental Disabilities (“OCDD”) denied Forgione’s claim on February 21, 2001, finding that Forgione did not have a developmental disability as defined by La. R.S. 28:381. OCDD concluded that Forgione did not suffer from severe, chronic disability which is attributable to mental retardation, or any other condition found to be closely related to mental retardation.
Forgione filed an appeal with the DHH upon OCDD’s denial of Mental Retardation Developmental Disability (sometimes hereafter referred to as “MR/DD”) benefits. An administrative law judge (“ALJ”) heard the appeal on July 2, 2001 and made findings of fact. Based on the findings of fact and in accordance with La. R.S. 28:381, et seq, the ALJ concurred with OCDD’s finding and concluded that For-gione does not meet the eligibility criteria for MR/DD benefits.
| ¡.Forgione then filed a petition in the district court on September 26, 2001, requesting judicial review of the administrative record under La. R.S. 46:107 and La. R.S. ‘i&.dGi.[1] By Order dated October 24, 2001, DHH was directed to prepare a certified copy of the administration record and transmit the record to the district court. The matter was set to be heard on December 12, 2001.
*675 On December 11, 2001, DHH’s counsel contacted claimant’s counsel to request a continuance since the record was not yet transcribed. According to DHH, For-gione’s counsel had no objection, Counsel informed the trial court’s secretary, but the trial court nonetheless held the hearing on December 12. The trial court granted DHH an additional week to transcribe the record and reset the hearing for December 19.
DHH’s efforts in preparing the transcript were still unfinished for the December 19 hearing. Prior to the hearing, defense counsel again notified the trial court that the transcript had not been finished and requested a postponement of the hearing. The hearing went forward on December 19 without DHH making an appearance. The trial court did acknowledge at the hearing that DHH had contacted the court admitting its failure to complete the transcript.
In brief to this court, DHH admits that it failed to forward the October 24 order for the transcript to the Bureau of Appeals, and that the Bureau of Appeals received the transcription notice one day before the December 12 | ¡¡hearing date. Furthermore, DHH asserts that despite assigning two typists to this matter in an attempt to timely complete the record, the record remained unfinished by the December 19 hearing date.
At the December 19 hearing, the trial court, without an administrative transcript, ruled against the agency and granted the relief Forgione requested. The trial court’s judgment reads:
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the administrative law judge’s decision upholding the agency decision to deny MR/DD services to Appellant and the adoption of this judgment by the Bureau of Appeals on behalf of the Office of the Secretary, Department of Health and Hospitals is hereby reversed.
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Ms. Forgione’s disability meets the mental retardation/developmental disability eligibility criteria and that the Department is ordered to provide mental retardation/developmental disability services to Ms. Forgione.
DHH appeals the trial court’s judgment. It contends that the trial court erred when it reversed the decision of OCDD and the ALJ without reviewing a copy of the administrative record.

Discussion

The administrative proceedings for DHH are authorized by La. R.S. 46:107.[2] *676 The extent of judicial review of such proceedings is governed by La. R.S. 49:964 of the Administrative Procedure Act (“APA”). See, Comm-Care Corp. v. Louisiana Tax Com’n, 99,0709 (La.App. 1st Cir.6/23/00), 762 So.2d 770; Hotel de la Monnaie Owners Association, Inc. v. Louisiana Tax Commission, 95-1009, p. 5 (La.App. 1st Cir.12/15/95), 669 So.2d 455, 458, writ denied, 96-0956 (La.5/31/96), 673 So.2d 1030. La. R.S. 49:964(F) confines judicial review to. the record established before the agency. La. R.S. 49:964(G) allows the district court to affirm or remand the agency’s decision and restricts reversal or modification of that decision to instances in which substantial rights of the appellant have been prejudiced, because the administrative findings, inferences, conclusions or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as deter-mined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of this rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and Isthe reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
(7)In cases covered by R.S. 15:1171 through 1177, manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.

Comm-Care Corp., supra.

When reviewing an administrative final decision, the district court functions as an appellate court. Id. The provisions, which define the nature of the scope of judicial review under the APA, do not authorize a trial de novo in the reviewing court. Buras v. Board of Trustees, 367 So.2d 849 (La.1979). If the trial court were allowed to hear such matters de novo and substitute its judgment for that of the administrative agency, it would be usurping the power delegated by the legislature to the administrative agency. Id. at 852 853.
Upon Forgione’s appeal of DHH’s ruling to the trial court, La. R.S. 49:964(D) required DHH to transmit the original or *677 certified copy of the entire record to the trial court within thirty days. This was effectively extended by the trial court’s October 24 order which required the transcript’s preparation and transmittal before the December 12 hearing. Although the record contains no minute entry or transcript for the December 12 hearing, an order signed and filed on that date reflects that counsel for both parties were present, and that DHH was directed to transmit the record “on or before 12/19/01,” the date for the rescheduled hearing. DHH asserts in its brief that it belatedly began the transcription of the record only on 1 ^December 11, yet this is not reflected in the record. The record also does not reflect what DHH represented to the court on December 12 concerning its inaction, or how the trial court determined that seven days was a reasonable time to complete the transcription.
Although the APA does not provide remedies for an agency’s failure to transmit the record of the administrative proceeding, the trial court clearly has within its power the ability to sanction the agency or officials in the agency for such failure. La. C.C.P. arts. 224 and 191; Bruce v. State, Dept. of Health and Hospitals, 95-1175 (La.App. 3d Cir.3/6/96), 670 So.2d 680; see also State in Interest of J.B., 499 So.2d 611 (La.App. 5th Cir.1986), writ not considered, 503 So.2d 8, writ denied on reconsideration, 504 So.2d 870 (La.1987). The issue presented is whether the trial court could choose not to sanction DHH, but instead grant Forgione’s relief by default.
In Bruce, supra, the DHH also delayed filing a certified copy of the administrative record with the trial court. The plaintiff, who appealed to the trial court, obtained a default judgment. Although the default judgment was obtained on the same day that DHH belatedly filed the record, the trial court’s grant of the default judgment was not based upon any review of evidence from the administrative proceeding. The Third Circuit Court of Appeal reversed the trial court’s ruling, finding that default judgment was not an available remedy. The trial court’s power to sanction DHH for its inaction was instead suggested as the proper remedy.
We agree with the Bruce assessment of this situation and are likewise required to reverse the trial court’s action. Referring to the express statutory 17remedies available to a trial court for a disobedient party in discovery disputes, our Supreme Court has stated that “[b]oth dismissal and default are draconian penalties which should be applied only in extreme circumstances.” Horton v. McCary, 93-2315 (La.4/11/94), 635 So.2d 199, 203 (addressing La. C.C.P. art. 1471). Here, we have no express statutory remedy allowing the trial court’s action. The trial court, which was to provide only appellate review, effectively rendered a default judgment. The judgment granted Forgione full relief on the merits without requiring a demonstration of even a prima facia case and in the face of the admitted prior administrative determination of no entitlement to benefits.
Accordingly, the harsh remedy employed in this case must be reversed. The case is remanded to the trial court which may yet sanction DHH for its misconduct regarding preparation of the record. Costs of appeal are assigned to claimant, Maranda Forgione.
REVERSED AND REMANDED.

. Forgione filed an original petition on September 12, 2001, which was met with an Exception for Lack of Original Jurisdiction. DHH's exception argued that Forgione’s only remedy in the trial court was for judicial review of the administrative proceedings. La. R.S. 49:964(D). Therefore, on September 26, 2001, Forgione filed a First Amended Petition seeking the judicial review which is the subject of this appeal.

. La. R.S. 46:107 states, in pertinent part:
A. (1) The Department of Social Services, and the Department of Health and Hospitals office of the secretary, through their respective appeal sections, shall provide for a system of hearings and is responsible for fulfillment of all hearing provisions as prescribed under Title I, 1V-A, X, XIV, XVI, XIX, or XX of the Social Security Act and under Public Law 91-671 of the Food Stamp Act. Under these provisions, an opportunity for a hearing shall be granted at the state level to any applicant or recipient who makes a timely request for a hearing because his claim for assistance, services, or food stamps is denied or is not acted upon with reasonable promptness and to any recipient who is aggrieved by an agency action resulting in suspension, reduction, discontinuance, or termination of benefits.
[[Image here]]
(4) All final decisions in cases of appeal are rendered by the office of the secretary at the state level and such decisions exhaust the claimant's administrative remedy.
[[Image here]]
C. Within thirty days after mailing of notice of the final decision by the agency, or, if a rehearing is requested, within *676 thirty days after the decision thereon, an applicant or recipient may obtain judicial review thereof by filing a petition for review of the decision in the Nineteenth Judicial District Court or the district court of the domicile of the applicant or recipient....
D. Except as provided by Subsections B and C, all adjudicatory and review proceedings under this Section shall be governed by the Administrative Procedure Act.