972 So.2d 1178 (2007)
Mack McCOY, Plaintiff-Appellee
v.
CITY OF SHREVEPORT, et al., Defendants-Appellants.
No. 42,662-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2007.
Edward F. Jones, Assistant City Attorney, for Appellant, City of Shreveport.
*1179 Billy R. Casey, Shreveport, for Appellant, Municipal Fire & Police Civil Service Board.
Klotz, Simmons & Brainard, by B. Trey Morris, Shreveport, for Appellee, Mack McCoy.
Before STEWART, CARAWAY and MOORE, JJ.
STEWART, J.
After the Municipal Fire and Police Civil Service Board of the City of Shreveport ("the Board") failed for almost three years to file a transcript of its review of the City of Shreveport's disciplinary action against firefighter, Mack McCoy, and then to hold a rehearing in the time ordered, the district court granted by ex parte order McCoy's motion to overturn the Board's decision and set aside the disciplinary action taken by the City. The City appealed. For the following reasons, we reverse the district court's judgment and remand for further proceedings.

FACTS
On October 9, 2003, Mack McCoy, an employee of the City of Shreveport's fire department, filed a petition in district court seeking review of the Board's decision to uphold, but reduce, the disciplinary action taken against him by the City for in-subordination. He alleged that the actions of the City and the Board were arbitrary, capricious, and not taken in good faith for cause. McCoy's petition further requested that the Board be ordered to file into the record the transcript of its proceedings, or written findings of fact and all papers relating to its decision.
The district court signed an order on October 15, 2003, directing the Board to file a certified transcript of the record, or written findings of fact, and all related papers. Both the Board and the City filed answers on November 17 and 24, 2003, respectively, in which they asserted that the disciplinary action was taken in good faith for cause. No transcript, findings of fact, or other related papers were filed by the Board into the record.
In fact, no further action of record was taken until March 8, 2006, when McCoy filed a rule for contempt against the Board for failing to file the documents as requested by the petition and ordered by the district court. The district court ordered the Board to appear on April 10, 2006, to show cause why it should not be held in contempt, fined, ordered to pay all attorney fees and costs of the rule, and ordered to immediately file the transcript. The minutes show that the Board did not appear at the hearing on April 10, 2006. A judgment was rendered in favor of McCoy ordering the Board to file into the record a certified copy of the transcript or written findings of fact, along with all papers related to the Board's decision, within five days from the notice of judgment. The judgment also stated that the failure to file as ordered would preclude the Board from presenting a defense to this matter before the district court. The Board did not comply with the order.
On May 4, 2006, the district court remanded the matter to the Board for a new hearing to be held within ninety days for the creation of a proper record. As explained in the remand order, the district court determined that the Board had not complied with the April 10, 2006, judgment, that ample time had elapsed, and that the matter had been pending since October 9, 2003. Therefore, the district court concluded that the Board "either will *1180 not comply or cannot comply because the record is lost. . . ."
The remand order galvanized the Board to action. On May 11, 2006, the Board filed three items into the record. First, the Board filed a pleading entitled "Exception and Answer to Appeal." The Board asserted exceptions of no cause of action and no right of action on the grounds that it is not a party, that its review of the City's discipline of McCoy was quasi-judicial in nature, and that the trial court's jurisdiction is limited to reviewing whether the decision was made in good faith for cause. Second, the Boardat lastfiled a copy of the' transcript from the September 10, 2006, disciplinary hearing. Third, the Board filed a motion for reconsideration of the remand order. The Board asserted that the contract court reporter had difficulty transcribing the record of the hearing to meet the deadline ordered on April 10, 2006, that some of the members who reviewed McCoy's case are no longer on the Board, and that the expense and delays of a remand weigh in favor of the district court simply proceeding with McCoy's appeal by reviewing the submitted transcript.
The district court set a hearing on the Board's motion for May 22, 2003. However, the record does not indicate whether the hearing took place. The minutes reflect only that the Board's motion was denied.
On September 14, 2006, the Board filed a motion requesting more time to hold a new hearing. The Board alleged that it met on June 28, 2006, and scheduled a hearing for July 12, 2006, to obtain a date for a new hearing on McCoy's case. However, neither McCoy nor his counsel appeared at the hearing on July 12, 2006. The Board then set October 11, 2006, as the date for the new hearing and sent McCoy notice of this date. The Board asserted that it was acting with due diligence to have the hearing as ordered by the court.
On September 18, 2006, McCoy filed a pleading entitled "Objection to Motion for Continuance and Request to Overturn Decision of the Board." The pleading sets forth the procedural history and explains that phone calls and correspondence were exchanged between McCoy's and the Board's counsel for over two and a half years in an effort to the get the transcript filed in the record. McCoy asserts that Pamela Nathan, the Board's counsel during that time, assured his counsel that the relevant documents were being prepared. Because the. Board failed to file the transcript or other documents as required by law, McCoy filed the May 8, 2006, motion for contempt. McCoy's pleading states that the 90-day time period for holding a new hearing had elapsed and that he had not received any notice from the Board about a new hearing. However, McCoy alleged that conducting a new hearing three years after the original hearing, particularly with more delays by the Board, would be prejudicial. He noted that witnesses may no longer be available due to having retired or moved out of state and that facts may have been forgotten over time. McCoy asserted that the only just remedy after three years of delay by the Board would be for its decision to be overturned, the City's disciplinary action set aside, and the City ordered to remove the matter from his personnel file.
On September 22, 2006, the district court denied the Board's request for an extension of time and granted, by ex parte order, McCoy's motion to overturn the Board's decision. The district court ordered *1181 the disciplinary action set aside and dismissed, along with the removal of all information relating to the disciplinary action from McCoy's personnel records.
In response to the ex parte ruling, the Board filed a motion for reconsideration. The Board alleged that neither it nor the City received a copy of McCoy's motion to have the Board's decision overturned and that neither party was given the opportunity to respond prior ti the court granting the requested relief. The Board contended that a hearing should be scheduled to allow arguments on McCoy's motion and the Board's motion for more time in which to have a new hearing. The district court set a hearing date for January 22, 2007.
Counsel for McCoy, the Board, and the City appeared at the hearing. The City asserted that it should not be penalized because of the Board's actions. The City explained that it funds the Board but does not control it. In response to its request that the Board be allowed to proceed with a new hearing, the district court expressed no confidence that the Board would actually hold, the hearing as ordered. Alternatively, the City asked for review of the transcript filed by the Board and a decision on the merits. Again, the district court declined on the basis of having no confidence in the Board or its transcript.
A judgment denying the Board's motion to reconsider was rendered on March 13, 2007. The City, which was aggrieved by the order setting aside its disciplinary action against McCoy and directing it to remove the matter from his personnel records, appealed.[1]

DISCUSSION
In its appeal, the City argues that the district court erred in dismissing the disciplinary action without reviewing the matter to determine whether the City and Board acted in good faith for cause in disciplining McCoy for insubordination. The City contends that the district court should have reviewed the record of the Board's proceedings rather than base its decisions to remand for a new hearing and then to set aside the discipline on the lateness of the Board's filing. The City believes that the delay does not provide an adequate basis for the district court's loss of confidence in the Board and its transcript. Additionally, the City maintains that McCoy has not been prejudiced by the delay; rather, the district court's rulings have prejudiced the City by penalizing it for the Board's deficiencies. The City would have this court reverse the district court, review the transcript, and render a judgment upholding the disciplinary action.
McCoy asserts that the district court had authority to remand for a new hearing, particularly considering the years of delay by the Board before filing the hearing transcript. McCoy notes that the district court did not admit the transcript into the record and asserts that this court should not consider it on appeal or remand for review. McCoy asserts that either the Board should be ordered to conduct a new hearing, or the ruling of the district court should be affirmed.
La. R.S. 33:2501(A) provides that a regular employee in the classified service who *1182 feels he has been disciplined without just cause may appeal to the Board for a hearing to determine the reasonableness of the action. If the employee then believes that the Board's decision is prejudicial, the employee may then appeal to the district court in the parish of the Board's domicile. La. R.S. 33:2501(E)(1); Walsworth v. Municipal Fire & Police Civil Service Bd. of City of Shreveport, 567 So.2d 712 (La.App. 2d Cir.1990); Linton v. Bossier City Municipal Fire and Police Civil Service Board, 428 So.2d 515 (La.App. 2d Cir. 1983). With regard to the review by the district court, La. R.S. 33:2501(E)(2) and (3) direct as follows:
(2) The appeal shall be taken by serving the board, within thirty days after entry of its decision, a written notice of the appeal, stating the grounds thereof and demanding that a certified transcript of the record, or written findings of facts, and all papers on file in the office of the board affecting or relating to such decision, be filed with the designated court. The board shall, within ten days, after the filing of the notice of appeal, make, certify, and file the complete transcript with the designated court, and that court shall thereupon proceed to hear and determine the appeal in a summary manner.
(3) This hearing shall be confined to the determination of whether the decision made by `the board was made in good faith for cause under the provisions of this Part. No appeal to the court shall be taken except upon these grounds and except as provided in Subsection D of this Section.
Review by the district court does not include a trial de nova Walsworth, supra; Linton, supra. Rather, the district court sits as a reviewing court and determines from the record of the Board's proceedings whether its decision was made in good faith for cause. Walsworth, supra. The Board's decision will not be overturned unless it is manifestly erroneous or arbitrary and capricious. Linton, supra.
The district court did not review the record of the Board's proceedings to determine if its decision regarding McCoy was made in good faith for cause. Because of the Board's gross delay in producing the transcript of its proceedings, the district court concluded that it had no confidence in the transcript and did not review it under the applicable standard. While we understand and agree with the district court's desire to send a strong message to the Board regarding its inexcusable failure, over almost three years, to produce the transcript and, most importantly, to timely respond to the court's orders, we are constrained to conclude that the district court's actions are not authorized by the statutory provisions of La. R.S. 33:2501. Rather, R.S. 33:2501(E) specifically limits the district court's reviewing authority to determining whether the Board's decision was made in good faith for cause. The district court may not even substitute its opinion for that of the Board, such as by reducing its penalty. See Marchiafava v. Baton Rouge Fire and Police Civil Service Bd., 233 La. 17, 96 So.2d 26 (La.1957); Brown v. City of Bossier City, 38,915 (La.App.2d Cir.11/19/04), 887 So.2d 731. While La. R.S. 33:2501(E) requires the Board to file its transcript with the court within ten days after the filing of the notice of the appeal, it provides no penalty or remedy for a late filing.
In analogous situations involving appeals from administrative decisions, district court judgments in favor of the plaintiff that were based on the failure of the agency *1183 to file its hearing record timely have been reversed. In Bruce v. State, Dept. of Health and Hospitals, 95-1175 (La.App. 3d Cir.3/6/96), 670 So.2d 680, the Department of Health and Hospitals ("DHH") denied the plaintiff's request for Medicaid benefits, and a hearing officer affirmed the denial. On appeal before the district court of the administrative ruling, Bruce obtained a default judgment against DHH after it failed to file an answer and failed to timely file a certified copy of the hearing record. The third circuit reversed upon determining that the district court, acting as a reviewing court, was limited by the provisions of the Administrative Procedure Act ("APA") to reviewing the-record of the DHH hearing. The district court's review authority did not extend to evaluating evidence in the first instance, as required to render a default judgment. Though the APA provisions were unclear on the remedies for the agency's failure to timely file a copy of its proceedings in the record, the court concluded:
Still, DHH cannot be permitted to indefinitely delay the filing of a certified copy of the agency proceedings. The district court "possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law." La.Code Civ. P. art . . . 191. However, a default judgment is not the proper remedy.
Bruce, 670 So.2d at 681.
In re Forgione, 36,130 (La.App.2d Cir.6/12/02), 821 So.2d 673, also involved an appeal from a denial of services by DHH in which it failed to timely file the record of its proceedings with the district court. Without the transcript, the district court judge ruled against DHH and ordered it to provide services to the plaintiff. However, this" court reversed that judgment. As noted in the opinion, the statute governing judicial review of DHH's administrative proceedings, La. R.S. 49:964, limits review to the agency's record and does not authorize a trial de novo in which the reviewing court may substitute its judgment for that of the administrative agency. Thus, the district court's default judgment had no express statutory basis. In addressing DHH's failure to timely file the record of its administrative proceedings, the court agreed with the decision in Bruce, supra, and rejected the remedy of a default judgment. However, the court recognized that "the trial court clearly has within its power the ability to sanction the agency or officials in the agency for such. failure. La. C.C.P. arts. 224 and 191." Forgione, 36,130, p. 6, 821 So.2d at 677. Accordingly, the court remanded the matter, noting that the district court "may yet sanction DHH for its misconduct regarding preparation of the record." Id.
As in Bruce, supra, and Forgione, supra, the judgment in favor of McCoy rendered without review of the untimely filed transcript is improper. La. R.S. 33:2501(E) authorizes the district court to review the record of the Board's proceedings to determine whether its decision was made in good faith for cause. It cannot conduct a trial de novo or substitute its opinion for that of the Board. The ex parte ruling overturning the Board's decision and setting aside the disciplinary action in response to the Board's improper conduct exceeds the authorized scope of review. The proper remedy would be to sanction the Board or its members for contempt for their failure to have filed the transcript timely and their disregard of the court's orders. For these reasons, we reverse the ex parte ruling of the district court that overturned the Board's decision and set aside the City's disciplinary action against McCoy.
*1184 Now before us is the matter of the latefiled transcript and whether the Board should conduct a new hearing. Though the district court expressed a lack of confidence in the transcript, we find nothing in the record that calls into question its veracity and accuracy. McCoy has not alleged that the transcript is not an accurate account of the hearing. And while he claims that he would be prejudiced if the transcript were `subject to review, he bases this claim only on the district court's expressed lack of confidence. McCoy has not shown that he would be prejudiced by review of the hearing transcript submitted to the district court on May 11, 2006. Moreover, McCoy's appeal argument for remand for a new hearing by the Board in the event of our reversal of the district court is contrary to his motion filed on September 18, 2006, to have the Board's decision overturned. Then, McCoy argued that remand for a new hearing three years after the original hearing would be prejudicial to him in that facts may have been forgotten over time and witnesses may no longer be available due to having retired and moved' away. These same factors today weigh even more against remand for a new hearing by the Board.
Though we are astonished by the Board's failings in this matter and find that its actions, show a shocking disregard for its own obligations and for the rights of the firefighters and police officers it serves, we do not find an ex parte reversal of its decision to be appropriate in light of the statutory provision governing review of its rulings. We also consider that McCoy and his counsel should not have waited for over two years, when La. R.S. 33:2501(E) specifies a 10-day filing period for the Board, before seeking relief from the district court. For these reasons, we reverse the district court's judgment and remand this matter for it to review the transcript pursuant to the criteria set forth in La. R.S. 33:2501(E) and render a judgment on the merits. The district court may, in the exercise of its inherent authority, also consider further contempt proceedings and the imposition of an appropriate sanction against the Board.

CONCLUSION
For the reasons explained, the district court's judgment is reversed, and the matter is remanded for further proceedings. Costs of the appeal are assessed to McCoy.
REVERSED and REMANDED.
NOTES
[1] Upon lodging of the appeal, this court ordered the City to show cause why the appeal should not be dismissed as untimely. However, it was determined that notice of the September 22, 2006, judgment was not given as required by La. C.C.P. art. 1913. Accordingly, the delay for seeking a new trial never began to run, the subsequent pleadings were timely, and the appeal was maintained.