LOLLEY, J.
|!Ronald DeBello appeals a judgment of the First Judicial District Court for the Parish of Caddo, State of Louisiana, in favor of the City of Shreveport (the “City”). For the following reasons, we reverse the trial court’s judgment.
Facts
Ronald DeBello was a police officer employed by the City in the Shreveport Police Department (the “SPD”). On May 2, 2009, while in uniform and operating a marked patrol car, DeBello slashed a tire of a vehicle owned by Shane Lewis, who at the time was being investigated for complaints that he was impersonating a police officer. A witness observed DeBello slash the tire, contacted the SPD, and made a report.
Sergeant Amy Muller was dispatched to the scene, and soon after DeBello called her denying that he had been at the apartments where Lewis’s vehicle was located. While Sgt. Muller was at the scene conducting her investigation, DeBello again called her and then texted her professing his innocence.
After the investigation, DeBello was arrested and charged with misdemeanor criminal damage to property, to which he ultimately pled nolo contendere. Additionally, the SPD conducted an internal affairs investigation, during which DeBello admitted to slashing the tire, as well as making an earlier statement regarding his plan to slash the tire.
On June 25, 2009, a predisciplinary conference was held for DeBello, after which Chief of Police Henry Whitehorn terminated DeBello from the SPD. In reaching that conclusion, Chief Whitehorn found that DeBello had |2violated two SPD General Orders: committing a criminal act, a violation of SPD 100.17, Conformance to Laws; *19 and, bringing degradation to the organization, a violation of SPD 100.22, Unbecoming Conduct.
DeBello appealed his termination to the Shreveport Municipal Fire and Police Civil Service Board (the “Board”), and a hearing was held on March 10, 2010. Following the hearing, the Board determined unanimously that the SPD had acted in good faith and for cause in taking disciplinary action against DeBello; however, the Board reduced the discipline from termination to a 90-day suspension.
The City appealed the Board’s decision to the First Judicial District Court, Caddo Parish, Louisiana. In reviewing the matter, the district court determined that the Board’s determination was arbitrary and capricious and was not based on an application of the law to the evidence; it reversed the Board’s decision and reinstated DeBello’s termination. DeBello appeals the district court’s judgment.
Discussion
On appeal, DeBello raises one assignment of error, arguing that the district court erred in finding that the Board did not act in good faith and was arbitrary and capricious in overturning the termination of DeBello. We agree.
An employee under classified service may appeal from any decision of the civil service board that is prejudicial to him. La. R.S. 33:2501(E)(1). Such an appeal shall be taken to the district court wherein the civil service board is domiciled. Id. Review by the district court does not include a trial \;ide novo. McCoy v. City of Shreveport, 42,662 (La.App.2d Cir.12/05/07), 972 So.2d 1178; Walsworth v. Municipal Fire & Police Civil Service Bd. of City of Shreveport, 567 So.2d 712 (La.App. 2d Cir.1990). Rather, the district court sits as a reviewing court and determines from the record of the Board’s proceedings whether its decision was made in good faith for cause. McCoy supra; Walsworth supra. The hearing “shall be confined to the determination of whether the decision made by the board was made in good faith for cause” and “[n]o appeal shall be taken except upon these grounds.” La. R.S. 33:2501(E)(3). The Board’s decision will not be overturned unless it is manifestly erroneous or arbitrary and capricious. McCoy, supra.
If made in good faith and for statutory cause, a decision of the civil service board cannot be disturbed on judicial review. Lee v. City of West Monroe, 39,611 (La.App.2d Cir.05/11/05), 902 So.2d 1202; McDonald v. City of Shreveport, 26,877 (La.App.2d Cir.05/10/95), 655 So.2d 588. Good faith does not occur if the appointing authority acts arbitrarily or capriciously, or as a result of prejudice or political expediency. Moore v. Ware, 2001-3341 (La.02/25/03), 839 So.2d 940. Arbitrary or capricious behavior means without a rational basis for the action taken. Id.
The district court may not substitute its opinion for that of the Board. The district court should accord deference to a civil service board’s factual conclusions and must not overturn them unless they are manifestly erroneous. Moore, supra. Likewise, the intermediate appellate court’s review of a civil service board’s findings of fact is limited. Id. Those | ¿findings are entitled to the same weight as findings of fact made by a trial court and are not to be overturned in the absence of manifest error. Id.
Here, in its Reasons for Judgment, the district court articulated its opinion that the Board’s action was not made in good faith and for cause, and that its findings were “arbitrarily capricious.” In so finding, the district court affirmed that portion of the Board’s ruling that discipline for *20 DeBello was proper, but overruled the Board’s decision to modify DeBello’s punishment.
Louisiana R.S. 33:2501(0(1) states:
C.(l) After the investigation provided for in Subsection B of this Section, the board may, if the evidence is conclusive, affirm the action of the appointing authority. If the board finds that the action was not taken in good faith for cause under the provisions of this Part, the board shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which he was removed, suspended, demoted, or discharged, which reinstatement shall, if the board so provides, be retroactive and entitle him to his regular pay from the time of removal, suspension, demotion, discharge, or other disciplinary action. The board may modify the order of removal, suspension, demotion, discharge or other disciplinary action by directing a suspension without pay, for a given period, a reduction in pay to the rate prevailing for the next lower class, a reduction or demotion to a position of any lower class and to the rate of pay prevailing thereof, or such other lesser punitive action that may be appropriate under the circumstances. (Emphasis added.)
Recently, we addressed this precise issue in City of Bossier City v. Vernon, 46,517, 46,518 (La.App. 2nd Cir.11/02/2011), 78 So.3d 153. In that case, Vernon, a Bossier City police officer, was terminated by the police department after making false statements he attributed to an arrestee that he was transporting. On appeal to the Police Civil Service Board, that Board determined that Vernon’s punishment of termination was too severe, |sand pursuant to La. R.S. 33:2501(C)(1), modified the punishment to a 90-day suspension without pay. Unlike DeBello’s case, the district court affirmed the Board’s finding, which we affirmed on the City of Bossier’s appeal, noting:
Pursuant to this statute, the Board had the authority and discretion to modify Vernon’s discipline, if the modification was deemed appropriate. The Board may modify the discipline by “directing a suspension without pay, for a given period.” La. R.S. 33:2501(C(1); Hardison v. Natchitoches Mun. Fire & Police Civil Service Board, 614 So.2d 354 (La.App. 3d Cir.1993).
After reviewing this record on appeal and in light of the evidence before the Board, it is evident that the decision to modify DeBello’s punishment was made in good faith and for legal cause. The Board heard and considered evidence from De-Bello and the City. Primarily, the evidence presented in favor of DeBello addressed his employment record with the department, the steps he has taken since the incident to improve his mental and emotional stability, and his character and reputation. It is clear from the evidence that the incident at issue, although serious and egregious, was an isolated one in De-Bello’s career as a police officer. The evidence in favor of DeBello was undisputed. Considering the record, it would not appear that the Board was arbitrary or capricious in concluding that although De-Bello’s behavior warranted discipline, termination was too severe. Although two Board members articulated a belief in “second chances,” the evidence of record contained more than a simple plea to give DeBello a second chance. Had that been the only evidence offered, a decision to modify DeBello’s punishment may have been arbitrary and | ^capricious. However, in this case there was objective evidence presented to the Board to decide that a modification of DeBello’s punishment was *21 warranted. DeBello’s actions were egregious and deserved punishment; however, the Board, in light of the evidence before it, acted within its statutory authority in modifying DeBello’s punishment. Weighing the facts in this particular matter and the applicable jurisprudence, we conclude that the district court erred in reversing the determination of the Board.
Conclusion
So considering, the judgment of the district court in favor of the City of Shreveport is reversed. Costs of this appeal are assessed to the City of Shreveport, pursuant to La. R.S. 13:5112, in the amount of $147.00.
REVERSED.