JjBYRNES, Chief Judge.
Appellant, Raymond Burkart, Jr., appeals the refusal of the Civil Service Commission to review a decision of the appointing authority to issue a letter of reprimand to him. We reverse.
Appellant is a major with the New Orleans Police Department. The letter of reprimand complained of was issued by Richard Pennington, Superintendent of Police on February 28, 2001. Appellant is also an attorney. The letter of reprimand contains a finding that appellant represented a plaintiff in civil litigation against the City of New Orleans in violation of General Order 452.
The Civil Service Commission does not review letters of reprimand. In its written dismissal of appellant’s appeal, the Commission stated that:
The action which appellant is appealing is not set forth as a disciplinary action by the rules of the Commission and therefore cannot be appealed to the Commission.
*43 Appellant complains that while such letters may have been only temporary in the past they now form a permanent part of the employment record and may be treated as “prior offenses” in subsequent disciplinary proceedings. Accordingly, appellant contends that letters of reprimand should be treated as “disciplinary actions” as defined by La. Const. Art. X. Therefore, appellant asserts that he has a | bright to have the Civil Service Commission review the letter of reprimand just as he would any other “disciplinary action.” We agree.
La. Const. Art. X § 8(A) provides:
No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the appointing authority. [Emphasis added.]
La. Const. Art. X § 8 mandates with the word “shall” that the employee subjected to disciplinary action have the right to appeal to the “appropriate commission.” In this case that would be the Civil Service Commission.
Similarly, La. Const. Art. X, § 12(B) provides:
Each city commission established by Part I of this Article shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee to take testimony, with subpoena power and power to administer oaths to witnesses. The decision of a commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final. [Emphasis added.]
Accordingly, if the letter of reprimand can be considered to be a “disciplinary action,” appellant has a constitutional right of appeal to the Civil Service Commission. This constitutional right of appeal cannot be limited or abrogated by commission rules, regulations, custom or practice.
Neither appellant nor appellee have cited any cases concerning letters of reprimand and we can find none. The issue appears to be res nova. On the one hand we are concerned about the flood of hearings and litigation that may arise as a result of a holding that civil service employees have the right of appeal from letters of reprimand. On the other hand, the same could be said of demotions, suspensions, terminations, and wage penalties where the right of appeal is not disputed. We are also mindful of the City’s argument made below to the effect that letters of reprimand do not rise to the level of impact on an employee’s career that was intended to invoke the protections of the public service commission, in effect a de minimis argument. However, we are also aware of the analogy to attorney and judicial conduct where reprimands and censure are considered forms of discipline. Following the reasoning of this analogy and the common sense understanding of the term “disciplinary action” we must find that the term “disciplinary action” as used in the constitutional provisions quoted earlier in this opinion is broad enough to include the disciplinary action complained of by the appellant in the instant case. We note that the City does not contest the appellant’s argument that the letter of reprimand will remain as a permanent black mark in his personnel record and might be weighed against him when employment de *44 cisions were made affecting him in the future at a time when appellant would have no means of correcting the record.
Article X, § 8 and § 12 of the Louisiana Constitution mandates that the Civil Service Commission “hear and decide” disciplinary cases. Implicit in this grant of power is the authority to reverse or modify a penalty, but only to the extent necessary to effectuate the purposes of the Civil Service system. Otherwise, such power to intervene in personnel decisions would infringe upon the constitutional authority of the executive branch of government to exercise its discretion in personnel matters.
I ¿For the foregoing reasons, we find that the letter of reprimand in this case constitutes “disciplinary action” and that the appellant has a right to appeal that decision to the Commission. Accordingly we reverse the Commission’s dismissal of appellant’s appeal and remand this matter to the Commission for further proceedings consistent with this opinion.

REVERSED AND REMANDED.