GARRETT, J.
11 Larry Hawkins, a former officer with the Bossier City Police Department (“BCPD”), appeals from a district court judgment upholding his termination for failing to have an abandoned car towed. For the reasons outlined below, we vacate the district court judgment and remand this matter to the district court for further proceedings in order for it to fulfill its function as the reviewing court pursuant to La. R.S. 33:2501.
FACTUAL AND PROCEDURAL BACKGROUND
In order to understand the lengthy and complicated history of this matter, an ex *130 planation of the factual and procedural background is necessary.
At about 1:00 p.m. on June 9, 2011, Sergeant Benjamin England was on his way to conduct a shift meeting prior to going on duty at 2:00 p.m. He was driving down Walker Road toward the Arthur Teague Parkway when he observed an elderly man walking east on Walker Road. The man motioned back toward the parkway. England then observed a Dodge sedan stopped in the outside traffic lane of the two eastbound lanes on Walker Road.
Concerned that southbound traffic turning left off the parkway onto Walker Road might hit the car, Sergeant England called dispatch with a report of a stalled vehicle. He asked if there was someone who could be sent to check on it. After he was told that someone would be sent, he proceeded to his shift meeting.
At about 1:05 p.m., the plaintiff responded to a call about a stalled or abandoned vehicle and a report of an elderly man walking away from the |2car. Arriving on the scene at 1:20 p.m., he found a car with a flat tire parked in the outside travel lane of Walker Road. He estimated that it was about 40 to 50 feet from the intersection with the parkway. He ran the license plate and determined the car was owned by an elderly man. The plaintiff then went to the nearest business to see if the owner had gone there to seek assistance. Unsuccessful in locating the owner, he then returned to the car and activated his dashboard camera to document the car and the “extremely light” traffic. Because he did not deem it an immediate traffic hazard for that time of day, the plaintiff decided not to have the car towed.
Corporal Wayne Benjamin, who arrived on the scene after the plaintiff returned from looking for the owner, advised the plaintiff that he would have the car towed. Because Benjamin had a different opinion, the plaintiff contacted his supervisor, Sergeant Jeff Gaydos, and sought his advice. Gaydos later testified that, based on the plaintiffs description, he thought the car was completely off the road. According to Gaydos, he asked the plaintiff if the vehicle was (1) a road hazard, (2) blocking traffic, or (3) a vision obscurement to other traffic. The plaintiff replied no to all three queries. Consequently, Gaydos told the plaintiff to leave the car for the owner to retrieve it. The plaintiff left the area at about 1:80 p.m. At about 2:30 p.m., another officer, Keith Hardin, came across the car and had it towed.
A complaint was filed against the plaintiff, and an investigation was launched by the Internal Affairs (“IA”) department of the BCPD. Before the plaintiff was interviewed by IA, he was advised of his rights under Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967). At the conclusion of the investigation, IA sustained the complaint against the |3plaintiff. It found that the plaintiff failed to take appropriate action to remove the abandoned vehicle, which was reasonably deemed a traffic hazard.
Thereafter, a five-member administrative review board, or predisciplinary board, unanimously voted to sustain the complaint against the plaintiff and recommended termination of his employment.[1] By letter dated July 18, 2011, and signed by the mayor and the chief of police, the plaintiff was informed that he was being terminated immediately for violating BCPD Gener *131 al Order 05-10 pertaining to the removal of abandoned vehicles from public property. That order states in relevant part, “The police department shall tow vehicles that have been abandoned on public property. ... Vehicles deemed to be a traffic hazard shall be towed immediately.”
The plaintiff then exercised his rights pursuant to La R.S. 33:2501, which provides, in pertinent part:
A. Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.
A lengthy hearing before the Bossier City Municipal Fire and Police Civil Service Board (“the Board”) was held on September 21, 2011. The plaintiff was represented by counsel, as was the City of Bossier City (“the |4City”). The Board had its own legal advisor. A court reporter was present and transcribed the proceedings.
The Board heard testimony from the plaintiff, Benjamin, England, Hardin, Gay-dos, and Police Chief Patrick McWilliams. Additionally, Sergeant Gary Aguirre testified about the manner in which he conducted the IA investigation and Assistant Police Chief Jimmy Stewart testified about the handling of the predisciplinary hearing. Numerous exhibits were introduced. In his testimony, Chief McWilliams stated that the incident took away from the efficient and orderly operation of the police department. Because the department had to respond to the situation twice, manpower was wasted. Additionally, the city potentially faced liability if another motorist ran into the abandoned car after the police failed to tow it. The chief also testified that he reviewed the plaintiffs personnel file and he felt that since 1994, the plaintiff had “a severe history of dereliction of duty complaints that were sustained resulting in ... a wide range of disciplinary actions from letters to 30 days suspension.... So at what point do you continue to deal with dereliction of duty complaints?” The chief admitted that he would not have fired the plaintiff if this had been his first incident of dereliction of duty. However, given the plaintiffs history — including his most recent incident, a January 2011 demotion from sergeant to corporal — the chief felt termination was the appropriate sanction.
At the conclusion of the evidence, a motion was made by a Board member to uphold the chiefs decision to terminate the plaintiff. Without further discussion, the Board members voted to uphold the decision to terminate by a vote of four to one. Later, in a written decision, the Board | sdetermined that the alleged violation occurred and that the disciplinary action taken was made in good faith and for just cause. The finding of fact in this document is virtually identical to that found in the termination letter sent to the plaintiff.
On October 11, 2011, the plaintiff filed a petition for appeal in the 26th Judicial District Court pursuant to La. R.S. 33:2501(E). Named as defendants were the City and the Board. The plaintiff alleged that the actions for which he was terminated did not affect the efficient operations of the BCPD, and that his punishment was more severe than that of the other officer who failed to tow the same car. He also asserted that the termination was done in violation of his rights, including his rights under the Louisiana Police Officers Bill of Rights, La. R.S. 40:2531; Bossier City Ordinance 96 of 1984; and BCPD General Order 00-12. He main- *132 tamed that his termination was arbitrary and capricious and not in good faith and, as a result, he should be reinstated with back pay and benefits.
The plaintiffs appeal also included a request for a declaratory judgment. The City filed exceptions to the pleadings which were sustained, and the plaintiff filed an amended petition for appeal. The City then filed its answer. In order to have the matter set on the court’s docket for hearing, the City filed a request for a scheduling order which contained deadlines for briefing and set a court date.
The matter was argued at length before the district court on August 6, 2012. Much of the argument centered on a recent case that had been decided by this court which dealt with the issue of disproportionate discipline, Atchison v. Monroe Mun. Fire & Police Civil Serv. Bd., 46,178 |6 (La.App.2d Cir.5/4/11), 64 So.3d 874.[2] An unrecorded bench conference was held. The district court then stated on the record:
All right, based on the record, based on the testimony, and looking at everything, this is what I’m going to do. I am remanding this back to the board for further proceedings in order to allow them to put on the record what they considered. I do not believe that the record has the full consideration of that. I am not reinstating Mr. Hawkins at this time based on further proceedings. I will allow [Hawkins’ attorney] to put any argument into the record before the board and any evidence before the board that has not been previously put into the record. I sit as an appellate person in this proceeding. I can either remand it or I can make a decision or I can overturn the board’s decision. I do not have enough evidence to state that it was arbitrary and capricious. I want to make sure that there is evidence in the record where I can make that determination. I believe that the board just stated that they relied upon what was in the record. They did not issue a reasoning behind that and they did not give this Court enough evidence to be able to state whether or not this decision was arbitrary and capricious, therefore, I remand it for further proceedings to the board....
On August 29, 2012, the district court signed a judgment remanding the matter to the Board for further proceedings to allow: (1) a record to be established as to why the Board upheld the termination, and (2) additional evidence to be presented to the Board by the plaintiff. The district court also directed that the Board issue written reasons detailing the reasoning behind its decision to uphold the termination. The City filed a writ application in |7this court seeking review of the judgment; the writ was denied on November 8, 2012.
*133 The matter was brought before the Board again on March 13, 2013. Unfortunately, what transpired is not clear because no transcript of this proceeding was made.[3] Documents subsequently filed in the district court record indicate that the current members of the Board unanimously voted to approve the finding of fact from the previous Board and that England’s personnel file was entered into evidence by the plaintiffs counsel. (Since the original hearing, the composition of the Board had changed and there were two new members.) Written statements from the original five members of the Board explaining their votes were also filed into the record.
On April 1, 2013, the plaintiff filed a “Petition for Appeal after Rehearing” in the district court seeking review of the termination. Among other things, he contended that the Board had refused to allow him to present additional evidence regarding the disproportionate nature of the discipline and that this refusal to hear or consider additional evidence was contrary to what had been ordered by the district court and this showed that the decision was arbitrary and capricious and without just cause. He requested that the entire record of the March 13, 2013, proceedings, including the transcript and/or recording, be filed with the district court.
Although the City had filed responsive pleadings to the initial appeal and a motion to set briefing deadlines and to have a court date set, the record | ^before us does not contain any similar pleadings by the City after the filing of the Petition for Appeal after Rehearing. Further, the court minutes do not reflect that a court date was set. At oral argument before this court, the parties confirmed to the panel that the matter was not taken up in open court.
In a judgment signed July 10, 2013, the district court affirmed the Board’s decision. The judgment stated:
The matter having come before the Court on a Petition for Appeal and Declaratory Judgment filed by Larry Hawkins wherein he seeks review of the decision of the Bossier City Municipal Fire and Police Civil Service Board to uphold the termination of Mr. Hawkins. This Court’s jurisdiction is limited to questions of law only and the facts as found by the Board must be accepted as the basis for this review. This Court having considered a thorough review of the record finds that the Civil Service Board’s findings of fact are supported by sufficient, legal, competent evidence as a matter of law and based on said findings, the Board’s legal conclusions are correct as a matter of law.
The plaintiff sought review of the district court’s decision and the procedure that was followed below. The plaintiff has asserted numerous assignments of error. We find merit in the assignment which questions the manner in which the judgment signed July 10, 2013, without a hearing in open court, was rendered.[4]
LAW
An employee under classified service may appeal from any decision of the *134 civil service board that is prejudicial to him. La. R.S. 38:2501(E)(1). Such an appeal shall be taken to the district court wherein the civil service board is domiciled. Review by the district court does not include a trial de novo. City of Shreveport v. DeBello, 46,891 (La.App.2d Cir.1/25/12), 86 |9So.3d 17, writ denied, 2012-0460 (La.1/25/13), 105 So.3d 62. Rather, the district court sits as a reviewing court and determines from the record of the Board’s proceedings whether its decision was made in good faith for cause. McCoy v. City of Shreveport, 42,662 (La.App.2d Cir.12/5/07), 972 So.2d 1178. The hearing “shall be confined to the determination of whether the decision made by the board was made in good faith for cause” and “[n]o appeal shall be taken except upon these grounds.” La. R.S. 33:2501(E)(3). The Board’s decision will not be overturned unless it is manifestly erroneous or arbitrary and capricious. City of Shreveport v. DeBello, supra. Good faith does not occur if the appointing authority acts arbitrarily or capriciously, or as a result of prejudice or political expediency. Moore v. Ware, 2001-3341 (La.2/25/03), 839 So.2d 940. Arbitrary or capricious means the lack of a rational basis for the action taken. Moore v. Ware, supra.
Disciplinary action against a civil service employee has been deemed arbitrary and capricious absent a real and substantial relationship between the improper conduct and the “efficient operation” of the public service. The appointing authority must demonstrate, by a preponderance of the evidence, that the conduct did in fact impair the efficiency and orderly operation of the public service. Lensey v. City of Shreveport Mun. Fire & Police Civil Serv. Bd., 36,934 (La.App.2d Cir.3/5/03), 839 So.2d 1032, writ denied, 2003-0997 (La.6/6/03), 845 So.2d 1091; Atchison v. Monroe Mun. Fire & Police Civil Sen. Bd., supra.
| inThe district court may not substitute its opinion for that of the Board. City of Shreveport v. DeBello, supra. The district court should accord deference to a civil service board’s factual conclusions and must not overturn them unless they are manifestly erroneous. Moore v. Ware, supra; City of Shreveport v. DeBello, supra. Likewise, the intermediate appellate court’s and supreme court’s review of a civil service board’s findings of fact are limited. Those findings are entitled to the same weight as findings of fact made by a trial court and are not to be overturned in the absence of manifest error. Moore v. Ware, supra; Ouachita Parish Police Jury v. Ouachita Parish Fire Prot. Dist. No. 1 Civil Sen. Bd., 46,480 (La.App.2d Cir.9/21/11), 72 So.3d 987; Beck v. City of Baker, 2011-0803 (La.App. 1st Cir.9/10/12), 102 So.3d 887, writ denied, 2012-2455 (La.1/11/13), 107 So.3d 617.
DISCUSSION
Finding that the initial record before it was inadequate to make a determination of whether the Board’s actions were arbitrary and capricious, the district court first remanded the matter to the Board. After a conscientious review of the law, the district court also expressed concern about the adequacy of the record that had been made below in light of the recent Atchison case from the Second Circuit. The district court may remand a case to the Board when it believes the circumstances warrant such action. See City of Bossier City v. Gauthier, 512 So.2d 623 (La.App. 2d Cir. 1987), writ denied, 514 So.2d 1182 (La. 1987); Laborde v. Alexandria Mun. Fire & Police Civil Sen. Bd., 566 So.2d 426 (La.App. 3d Cir.1990), \uwrit denied, 568 So.2d 1055 (La.1990); Baton Rouge Police Dep’t v. O'Malley, 2010-1386 (La.App. 1st *135 Cir.3/25/11), 64 So.3d 773; and Atchison v. Monroe Mun. Fire & Police Civil Serv. Bd., supra. The district court obviously believed that the instant case was one of those warranting remand.
In his Petition for Appeal after Rehearing, the plaintiff alleged several irregularities about the manner in which the Board conducted the hearing on remand, in addition to re-urging arguments made earlier. Among these was the Board’s alleged failure to comply with the district court’s directive to allow the plaintiff to present additional evidence on the issue of disproportionate punishment. The plaintiff specifically asserted in his Petition for Appeal after Rehearing that the Board should be ordered to file a complete record of the March 13, 2013, proceedings, including “a transcript and/or the recording of the hearing,” and, after the filing of the entire record of the remand proceedings, the matter should be set for briefing and hearing on the district court’s docket.
As noted above, the district court issued a ruling without setting the matter for a hearing in open court. Apparently the court was provided with some written documents pertaining to the Board’s actions on remand, as these were filed in the record by the clerk with a handwritten notation by the clerk that they “came from [judge’s] office.” Admittedly the plaintiff failed to attach an order to set the matter for hearing when he filed the Petition for Appeal after Rehearing although the petition prayed that the matter be set in court. However, we note that when the matter was first argued in court back on August 6, 2012, this was pursuant to a scheduling order generated by the l^City. The law contemplates that a hearing will be held in open court. La. R.S. 33:2501(E)(2) states, in relevant part, that the district court “shall thereupon proceed to hear and determine the appeal in a summary manner.” [Emphasis added.]
On the question of whether the Board’s proceedings must be transcribed, La. R.S. 33:2501(B)(3) provides:
The board shall have complete charge of any such hearing and investigation, and may conduct it in any manner it deems advisable, without prejudice to any person or party thereto. The procedure followed shall be informal and not necessarily bound by the legalistic rules of evidence. The board shall not be required to have the testimony taken and transcribed, but either the employee or the appointing authority may, at their own expense, make the necessary arrangements therefor. In such cases the board may name any competent shorthand reporter as the official reporter. If the testimony is not taken or transcribed, then the board shall make a written finding of fact. [Emphasis added.]
Under this statute, the Board was not required to preserve or prepare a transcript of the proceeding on the plaintiffs behalf. City of Bossier City v. Vernon, 78 So.3d at 158.
As noted above, the plaintiff arranged to have a transcript made of the testimony presented before the Board at its initial hearing. Unfortunately, neither side made any such arrangements for the remand proceedings despite the fact that the district court had ordered that new evidence could be adduced. However, counsel for the plaintiff asserted at oral argument before this court that there is an audio recording of the remand hearing and that she had intended to file it into evidence at the hearing she had expected the district court to convene before ruling on the plaintiffs Petition for Appeal after Rehearing.
*136 1^Review of the jurisprudence demonstrates that a district court which is hearing an appeal may consider an audio recording of the proceedings before the Board. See Baton Rouge Police Dep’t v. Morrison, 2004-0057 (La.App. 1st Cir.2/18/05), 906 So.2d 610, fn. 6 (“The record includes a recording and transcript of the very brief hearing before the Board.”); Baton' Rouge Police Dep’t v. Robinson, 2009-1571 (La.App. 1st Cir.4/30/10), 38 So.3d 993, 999 (“The district court reviewed the record of the hearing before the Board, including listening to the taped testimony and reviewing all documents.”); Baton Rouge Police Dep’t v. O’Malley, supra at 775 (“All of the evidence submitted to the Board was filed with the 19th JDC, along with a copy of the Board’s minutes, which summarized the testimony of the various witnesses before the Board, and an audio recording of the proceedings. After reviewing the evidence and hearing argument from the parties, the court took the matter under advisement.”); and Beck v. City of Baker, supra at 893 (“The Board’s written findings and the audio recording of the eviden-tiary hearing at his appeal before the Board reveals that Beck was fully aware of the reasons for his demotion....”)
Part of the court of appeal’s role in this review process is to determine whether the district court utilized the proper standard of review and the appropriate procedures. In order to fulfill its function as the reviewing court, the district court should have fully reviewed the entirety of the Board’s proceedings on the remand it ordered. This is particularly true given the new allegations in the plaintiffs Petition for Appeal after Rehearing which contend that the Board failed to comply with the district court’s directive to allow the plaintiff to present additional evidence. Presumably the recording [ Mof these proceedings would explain whether evidence was adduced and, if not, the reasons why.[5] A full review by the district court of the remand hearing, including consideration of the audio recording of that proceeding, is called for here.[6] Of course, the City shall have the right to file any pleadings it deems appropriate in the district court in response to the plaintiffs Petition for Appeal after Rehearing.
The remedy on appeal sought by the plaintiff for the procedural deficiencies is reversal of the termination and reinstatement with back pay and benefits. This is not the appropriate remedy at this juncture. Instead, the district court’s judgment affirming the Board must be vacated and the matter remanded to the district court so it can properly perform its function as the reviewing court under La. R.S. 33:2501. As part of its review, the district court will need to address the matters urged by the plaintiff and determine whether the Board complied with the terms of the August 29, 2012, judgment. If the Board satisfied the mandate in the August 29, 2012, judgment, then the district court should undertake its review. If the Board did not satisfy the mandate, then the district court will need to determine the appropriate course of action. All of these matters will need to be addressed *137 in open court with all parties present and represented.
1 ^CONCLUSION
For the reasons assigned above, we vacate the district court judgment and remand the matter to the district court for further proceedings in compliance with this opinion. Costs in the amount of $1,450 are assessed to the City of Bossier City.
DISTRICT COURT JUDGMENT VACATED, AND CASE REMANDED WITH INSTRUCTIONS.

. The predisciplinary board also considered a complaint against Sergeant England arising out of the same incident. One member voted that the complaint was not sustained; the other four recommended that a letter of documentation be placed in his file, which was done.

. In the Atchison case, this court held that "the trial court committed a fundamental error that prevented it from making an adjustment to Atchison's penalty (termination) after it found this penalty to be excessive and disproportionate when compared with punishment imposed upon other [Monroe Police Department] officers in somewhat similar situations. The trial court apparently concluded it lacked authority to adjust the penalty and took no corrective action in spite of its negative evaluation of the termination.” While the instant case has been in court, we note that the Louisiana Supreme Court has decided the case of City of Bossier City v. Vernon, 46,517 (La.App.2d Cir. 11/2/11), 78 So.3d 153, writ granted, 2012-0078 (La.3/30/12), 85 So.3d 100, and aff'd, 2012-0078 (La. 10/16/12), 100 So.3d 301, and writ denied, 2012-0101 (La. 10/12/12), 99 So.3d 36. It held that the clear and unambiguous language of La. R.S. 33:2501(C)(1) authorizes the Board to modify the discipline of the appointing authority even if the discipline was imposed in good faith for cause.

. Logic dictates that since a court reporter was at the first hearing and transcribed that hearing, the same procedure would have been utilized by the parties on remand since the district court expressly ordered a remand for a hearing. This was not done. At oral arguments before this court, the City argued it was the plaintiff's responsibility to arrange for a court reporter. Counsel for the plaintiff advised that the remand proceedings were recorded and that an audio recording could be produced.

. Because we find merit to this assignment, we pretermit consideration of the plaintiff’s other assignments of error.

. It appears that the plaintiff wanted to introduce evidence pertaining to the treatment of officers who allegedly violated the towing policy in situations involving DWI arrests, a line of inquiry which was not allowed at the first hearing as being irrelevant. The audio recording should shed light on what the plaintiff endeavored to prove at the second hearing. Again, because the recording has not been considered by the district court, what occurred on remand is unknown.

. We express no opinion on the merits of the plaintiff's claims or the ultimate outcome of his suit.