COX, J.
*693 Clint Richardson ("Richardson") was an employee of the Shreveport Fire Department. On August 30, 2013, he was terminated by the Appointing Authority for the City of Shreveport ("City"). Richardson appealed his termination to the Shreveport Municipal Fire and Police Civil Service Board ("Board"). The Board upheld his termination. Richardson then appealed the Board's decision to the First Judicial District Court, Caddo Parish, Louisiana. The district court found the termination to be an absolute nullity. The City of Shreveport has now appealed the district court's judgment. For the reasons outlined below, we respectfully reverse the district court judgment and remand this matter to the district court for further proceedings in order for it to fulfill its function as the reviewing court pursuant to La. R.S. 33:2501.
FACTS
On July 10, 2013, Richardson was given a Notice of Formal Investigation and/or Interrogation ("NOFI"), which he signed the same day. Richardson's NOFI stated he was being investigated under La. R.S. 33:2500(A), which provides, in pertinent part:
A. The tenure of persons who have been regularly and permanently inducted into positions of the classified service shall be during good behavior. However, the appointing authority may remove any employee from the service, or take such disciplinary action as the circumstances warrant in the manner provided below for any one of the following reasons:
(1) Unwillingness or failure to perform the duties of his position in a satisfactory manner.
(2) The deliberate omission of an act that it was his duty to perform.
(3) The commission or omission of any act to the prejudice of the departmental service or contrary to the public interest or policy.
(5) Conduct of a discourteous or wantonly offensive nature toward the public, any municipal officer or employee; and, any dishonest, disgraceful, or immoral conduct.
(14) The willful violation of any provision of this Part or of any rule, regulation, or order hereunder.
(15) Any other act or failure to act which the board deems sufficient to show the offender to be an unsuitable or unfit person to be employed in the respective service.
The NOFI also lists violations of General Rules, specifically:
(R) Refrain from being a party of any malicious gossip, rumor, report or activity that would disrupt the department or any member, and from making derogatory statements or adversely criticizing City Government policies, activities or officers of the Fire Department or other personnel of the City Government. Any concerns relative to polices, activities, or officers shall be submitted through proper channels.
(U) Not engage in any type of sexual conduct, nor shall they solicit such conduct while on duty or visiting any fire station or facility.
Refer to City of Shreveport Executive Order 95-1 (revised) Harassment Statement (page 45)
*694 E. Conduct themselves in such a manner as approved by law-abiding, self-respecting citizens.
F. Refrain from committing any act which might bring discredit upon the Department or its members.
On August 26, 2013, Richardson was given a Notice of Pre-Disciplinary Conference ("PDC"), scheduled for August 29, 2013. The PDC was attended by the Fire Chief, Assistant Fire Chief, Personnel Analyst, Assistant City Attorney, and Clint Richardson. The first section on the PDC form is "Charges." The instructions state, "Below write the action(s) with which employee is charged. Specify dates, times, and any other pertinent information. Attach additional sheets if needed." The list written below includes the violations, which were also set forth in the NOFI, but does not state specific dates, times, and other information.
Under the section entitled "Evidence," it states to "Refer to audio recording. It is alleged that Firefighter Richardson had Knowledge of improper behavior at Station # 8 and did not report it." Under the section entitled "Employee's Side," it simply states to "Refer to the audio recording."
Richardson was given a termination letter on August 30, 2013, which he signed. The stated reasons for termination include:
You had knowledge of a female and male visitor being together in a locked bathroom at Section 8, and when questioned about the incident, failed to report or share information relative to the Administrative Investigation and permitted the use and possession of alcohol while on duty.
You participated in staged photographs of an offensive nature towards the public that has disrupted Departmental Service and negatively impacted the public interest.
The termination letter also stated Richardson had received no corrective action during his employment.
In September of 2013, criminal charges were brought against Richardson in Caddo Parish for cruelty to the infirmed and principal to prostitution. Richardson pled guilty to the principal to prostitution charge. He was not sentenced with any jail time, and only given a $25 fine.
Richardson was represented by counsel when he appealed his termination to the Board. The Board proceedings were held on June 8, 2016. In his appeal, he claimed violations of the fire employee rights and due process, specifically stating that he was not given written notice when the investigation began and when he did receive notice, it did not list specific charges or violations, only statutes. Richardson also states he was not given a copy of the PDC recording, which his counsel requested repeatedly in 2016.
After hearing counsel's opening statements to the Board, it was determined Richardson received a copy of the recording of his PDC hearing in 2013. The Board voted unanimously that the third issue of not receiving the requested recording was satisfied because Richardson received it, and signed for it, back in 2013. At the hearing, the City of Shreveport was given the opportunity to fulfill the request by counsel for the recording. Because counsel was not given a copy before the hearing, the Board offered to give Richardson a continuance. Richardson's counsel did not want a continuance to review the recording. The hearing continued on the first two issues.
Fire Chief Ronald Mulford testified at the Board hearing. Chief Mulford stated that on June 25, 2013, he received a complaint about employees on Shift A at Fire Station 8, but he did not know who, exactly, *695 was involved. The next day, June 26, he requested all of Shift A to come to the Central Fire Station. Five firemen from Shift A were interrogated that day, and each received their NOFI at that time. From the information given by those firemen, Chief Mulford stated that it appeared the allegations had not actually occurred. Because of what he learned in the interrogations and because it was getting late into the evening, he dismissed everyone who had not been interrogated. On July 9, 2013, in the course of the ongoing investigation, Chief Mulford was given Richardson's name. Richardson was given his NOFI the next day, July 10, while on his shift.
Fire Chief Randy Beason also testified at the Board hearing. Chief Beason was an Assistant Fire Chief over Shift A in 2013. He stated that he received the initial complaint, before turning it over to Chief Mulford's office. On June 25, 2013, Chief Beason filled out NOFIs on every fireman at Station 8 and turned those in to Chief Mulford, along with the complaint. He stated that he filled out the NOFIs and left the date and signature spaces blank for Chief Mulford to fill in when he issued the NOFIs.
As to whether Richardson received proper notice of the investigation and whether the notice listed specific allegations, the Board voted unanimously that the City did not violate the firefighter employee rights. They stated Richardson was given his NOFI once his name came up during the investigation. Specifically, one of the board members, Mr. Remedies, stated:
And I just say that, if what their argument is, to set a policy, they would have to NOFI every single person on the Shreveport Fire Department, because they could become part of the investigation if they were working for someone on "A" shift, or they could possibly be-become part of the investigation. So, that's why-I just don't see where that holds water. Because at the time he was specifically investigated, he was-it looks like the time line matches when he became a target of that. And the reason why he wasn't before because they were given false information.
In regards to whether the specific charges and allegations were listed, another board member, Fire Engineer Ogunyemi, stated, "I mean, it even goes further, I mean, it says it in here. Not to engage in any type of sexual conduct nor shall they solicit such conduct. [I]t says it exactly in the specific charges and violations being investigated." After unanimously agreeing the City did not violate the firefighter employee rights, the Board moved on to decide issues on the merits of the case.
Richardson conceded that discipline was needed, but said it was an issue of the degree of discipline. Richardson ended his opening argument on the merits by asking the board to consider giving him a second chance.
Chief Mulford testified again regarding the issue of the merits. He stated:
Mr. Richardson was terminated due to the fact that he was not honest when he was questioned or interrogated during the administrative investigation. And during the administrative investigation, it was found out by us that there were some-Mr. Richardson had been a part of participating in or taking some photographs of an individual that frequently visited Station 8 that I deemed were inappropriate.
When Chief Mulford questioned Richardson about incidents at Station 8, Richardson told him nothing happened. Upon further investigation, it was determined Richardson did have knowledge of the incidents *696 and he had lied to the Chief. Chief Mulford stated he felt termination was appropriate. Richardson stipulated that he lied to the internal investigations officer as well.
William Millsaps, a Shreveport Fireman, served as a witness for Richardson. He stated:
As a firefighter, I mean, Clint, he is one of the guys I never had to worry about inside a fire. He was right there with me. He had my back. I didn't have to worry. He's always been a real good firefighter, real knowledgeable, real hardworking.
* * *
[H]e is just like me, you now, away from the job. He likes to spend time with his family and friends. Just hunt, fish, and hangout.
* * *
If I need something, I don't have a problem calling him up and him coming and helping.
Damian Louis Stinger, of the Shreveport Fire Department, also testified for Richardson. He stated Richardson was dependable, had good work ethic, and took the initiative when things needed to get done.
Richardson testified before the Board on his own behalf. He stated that he felt pressure from a higher ranking officer to keep his mouth shut. He got the impression that "maybe Chief Mulford didn't really want to know exactly what's going on." Richardson said he was disappointed in himself and how he handled the pressure. Richardson described the photos that Chief Mulford stated were inappropriate.
The only picture I can think of that Chief Mulford is talking about is sometimes some guys would leave their bunker gear laying around[.] And Andy had put on a pair of the bunker pants that was there and was walking around wearing them. And, he got around behind the fire truck-around behind the engine where there is a small one inch booster line that was used for trash fires and stuff. And he grabbed it off the truck and was holding it like a fireman and then he started doing like-I don't know what you would-like calendar type poses with the hose up towards his face and sticking his tongue out and stuff like that. He was just being silly. [S]o, there was some pictures snapped of it. And it wasn't to be-it wasn't to, you know, be ugly.
Richardson stated the pictures were never intended to be published. He stated that he saw something funny and took a picture.
Richardson acknowledged that what he did was wrong. He requested that the Board consider adjusting his termination to a lesser discipline. He stated he felt a 90 day suspension would be more than fair.
The Board determined unanimously that the City acted in good faith and just cause for the termination of Richardson. The Board upheld the discipline, with one member voting to modify the discipline. Richardson appealed his termination to the First Judicial District Court, Caddo Parish.
On September 27, 2017, the district court ruled Richardson's termination was in violation of La. R.S. 33:2181 et seq ., rendering the termination absolutely null. The district court held that the investigation began on June 26, not July 10, and stated, "My position is when he filled out these forms and called everybody in, that's when it started." The law required the PDC to be held within 60 days. Therefore, when the PDC was held on August 29, it was more than 60 days, making the termination an absolute nullity. After asking if there were any questions about the ruling, the following conversation took place:
*697 MR. WOODLEY: Is it my understanding that your ruling is that the Civil Service Board was arbitrary and capricious when it determined that Mr. Richardson's Firefighter Bill of Rights were not violated?
THE COURT: They were violated, so I guess the answer is yes.
MR. WOODLEY: Okay.
THE COURT: They were violated because the investigation began on the 26th, the P.D.C. was August 29th. Right?
MR. BRAINARD: Right.
THE COURT: More than 60 days.
MR. WOODLEY: I just need that arbitrary and capricious finding is what I need.
THE COURT: You got it, however you want to term it.
DISCUSSION
In its first assignment of error, the City argues the district court erred by substituting its own factual findings and credibility determinations for that of the Board. The City argues that absent manifest error, the district court could not find the investigation began on June 26, instead of July 10.
An employee under classified service may appeal from any decision of the civil service board that is prejudicial to him. La. R.S. 33:2501(E)(1). Such an appeal shall be taken to the district court wherein the civil service board is domiciled.
Factual findings in civil service cases are to be given deference by a reviewing court. Morris v. City of Minden , 50,406 (La. App. 2 Cir. 3/2/16), 189 So.3d 487, writ denied , 2016-0866 (La. 6/3/16), 192 So.3d 748. Review by the district court does not include a trial de novo. McCoy v. City of Shreveport , 42,662 (La. App. 2 Cir. 12/5/07), 972 So.2d 1178. The district court may not substitute its opinion for that of the Board. Hawkins v. City of Bossier , 48,959 (La. App. 2 Cir. 4/9/14), 137 So.3d 128. The hearing "shall be confined to the determination of whether the decision made by the board was made in good faith for cause" and "[n]o appeal shall be taken except upon these grounds." La. R.S. 33:2501(E)(3). The Board's decision will not be overturned unless it is manifestly erroneous or arbitrary and capricious. McCoy v. City of Shreveport, supra. La. R.S. 33:2501(E) specifically limits the district court's reviewing authority to determining whether the Board's decision was made in good faith for cause.
Good faith does not occur if the appointing authority acts arbitrarily or capriciously, or as a result of prejudice or political expediency. Arbitrary or capricious means the lack of a rational basis for the action taken. Moore v. Ware , 2001-3341 (La. 2/25/03), 839 So.2d 940 ; Hawkins v. City of Bossier, supra. Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the efficient operation of the public service. The appointing authority must demonstrate, by a preponderance of the evidence, that the conduct did in fact impair the efficient and orderly operation of the public service. Morris v. City of Minden, supra.
The intermediate appellate court's review of a civil service board's findings of fact is limited. Those findings are entitled to the same weight as findings of fact made by a trial court and are not to be overturned in the absence of manifest error. City of Shreveport v. DeBello , 46,891 (La. App. 2 Cir. 1/25/12), 86 So.3d 17, writ denied , 2012-0460 (La. 1/25/13), 105 So.3d 62.
Part of the court of appeal's role in this review process is to determine whether *698 the district court utilized the proper standard of review and the appropriate procedures. Based on the district court transcript, it appears the district court applied a de novo standard of review, by making a finding of fact as to when the investigation began. After determining the investigation began on June 26, rather than July 10, the district court then agreed to the terminology of "arbitrary and capricious."
The district court's judgment reversing the Board must be reversed pursuant to the above stated statutes and jurisprudence, and the matter remanded to the district court for further proceedings. The Board thoroughly questioned the date on which the investigation began and clearly determined that the investigation into Richardson's conduct began on July 10, 2013. Because the Board found that the investigation began on July 10, 2013, the Board determined that the PDC was held within 60 days, as required by law. After determining the investigation date, the Board was entitled to determine the appropriate discipline for Richardson. As such, the district court's ruling that Richardson's termination is an absolute nullity and that he is entitled to retroactive reinstatement and full back pay is reversed.
This matter is remanded to the district court for review of the remainder of the Board's decision pursuant to La. R.S. 33:2501. If the district court finds the Board satisfied the "good faith for cause" requirement, then the district court must affirm the Board's decision. The district court may overturn the Board's findings only if it finds the Board was manifestly erroneous or arbitrary and capricious.
Because we are reversing and remanding under the first issue, we pretermit discussion of the remaining issues.
CONCLUSION
For the reasons assigned above, we respectfully reverse the district court judgment and remand the matter to the district court for further proceedings in compliance with this opinion. The appellate court costs in the amount of $2,135 are to be equally split between Richardson and the City of Shreveport, in accord with La. R.S. 13:5112.
REVERSED AND REMANDED.