Judgment rendered May 26, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,954-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CITY OF SHREVEPORT                           Plaintiff-Appellant

versus

SHREVEPORT MUNICIPAL FIRE                    Defendants-Appellees
AND POLICE CIVIL SERVICE
BOARD AND OFFICER
ORLANDO PEYTON

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 618,582

Honorable Ramon Lafitte, Judge

* * * * *

CARMOUCHE, BOKENFOHR,                        Counsel for Appellant
BUCKLE & DAY, PLLC
By: Nichole M. Buckle


BILLY R. CASEY                               Counsel for Appellee,
                                             Shreveport Municipal
                                             Fire and Police Civil
                                             Service Board


BREEDLOVE LAW FIRM                           Counsel for Appellee,
By: Pamela Breedlove                         Officer Orlando Peyton

* * * * *

Before GARRETT, STEPHENS, and THOMPSON, JJ.

**THOMPSON, J.**

A police officer, asserting he had not been afforded his due process rights for a timely hearing, appealed to the civil service board to have removed from his personnel files a sustained complaint against him by his superior officers regarding claimed sick leave. The police officer asserted that the sustained complaint was an absolute nullity. The civil service board, without an evidentiary hearing to determine if the sustained complaint amounted to a disciplinary or corrective action against the officer, ordered the sustained complaint removed from his file. The municipality was allowed to present proffered testimony and evidence on the record. The district court held that the sustained complaint was an adverse action, which amounts to corrective or disciplinary in nature, and affirmed the decision by the civil service board and ordered the sustained complaint removed from the officer's records. The district court also held the civil service board acted in good faith and was not arbitrary or capricious in reaching its decision. The municipality appealed the district court's judgment. For the reasons set forth more fully herein, we affirm the district court's judgment.

## FACTS

In December of 2018, a complaint was filed with the Shreveport Police Department Internal Affairs Bureau ("IAB") about a potential violation of a general order by Officer Orlando Peyton ("Officer Peyton"), for his alleged failure to remain in his residence during a period for which he was claiming sick leave from work. IAB began an investigation, which commenced on February 2, 2019. Louisiana law requires that when a formal, written complaint is made against any police officer, the

investigation into the complaint, including notice to the officer that the charges against him have been sustained and a pre-disciplinary hearing has been scheduled, must be completed within sixty days, unless the parties enter into a mutually agreed upon extension.[1] Here, the parties agreed to a 15-day extension, leaving February 17, 2019, as the deadline for the completion of the investigation, which includes notice of the pre-disciplinary hearing.

The City of Shreveport ("City") alleges that Lieutenant John Eatman concluded that there was a violation of policy by Officer Peyton and submitted his investigative report to the chief of police for his review. The complaint was sustained by Chief Ben Raymond on February 12, 2019, with

_____

[1]La. R.S. 40:2531(B)(7) states:

> When a formal, written complaint is made against any police employee or law enforcement officer, the superintendent of state police or the chief of police or his authorized representative shall initiate an investigation within fourteen days of the date the complaint is made. Except as otherwise provided in this Paragraph, each investigation of a police employee or law enforcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days. However, in each municipality which is subject to a Municipal Fire and Police Civil Service law, the municipal police department may petition the Municipal Fire and Police Civil Service Board for an extension of the time within which to complete the investigation. The board shall set the matter for hearing and shall provide notice of the hearing to the police employee or law enforcement officer who is under investigation. The police employee or law enforcement officer who is under investigation shall have the right to attend the hearing and to present evidence and arguments against the extension. If the board finds that the municipal police department has shown good cause for the granting of an extension of time within which to complete the investigation, the board shall grant an extension of up to sixty days. Nothing contained in this Paragraph shall be construed to prohibit the police employee or law enforcement officer under investigation and the appointing authority from entering into a written agreement extending the investigation for up to an additional sixty days. The investigation shall be considered complete upon notice to the police employee or law enforcement officer under investigation of a pre-disciplinary hearing or a determination of an unfounded or unsustained complaint. Nothing in this Paragraph shall limit any investigation of alleged criminal activity.

instructions to schedule a pre-disciplinary hearing. However, notice was not provided to Officer Peyton of the sustained complaint and scheduled pre-disciplinary hearing before the February 17, 2019 deadline, and the hearing never occurred. As a result, Officer Peyton was not afforded the opportunity to refute the complaint lodged against him.

A document entitled "Shreveport Police Department Comments Page" was placed in Officer Peyton's IAB file (the "sustained complaint"). The sustained complaint includes the IAB Control Number, has a circle around the word "concur" that is signed by the deputy chief, and includes a box that states: "The Appointing Authority comments on which alleged violations, if any, to hold a PDC. Sustained- violation of 301.06. Hold PDH. Do not hold PDH-violation of 60 days and extension."[2] This portion of the document is signed by the police chief. The sustained complaint was placed in Officer Peyton's IAB file but not in his human resources file. The IAB records and the human resources records are kept at different physical locations, but all are accessible by computer. The contents of both records can be accessed by current and potential employers in making promotion and employment decisions.

---

[2]The following are the possible administrative findings that can be made during an IAB investigation: 1) *Sustained*: there was a violation of written police, procedure, rule, regulation or law and the findings are validated through direct evidence and/or testimony; 2) *Not Sustained*: It cannot be determined whether there was a violation of written policy, procedure, rule, regulation or law; 3) *Exonerated*: the action complained of did occur but was lawful, proper, and within departmental guidelines; 4) *Unfounded*: There was no violation of written policy, procedure, rule, regulation or law; 5) *Policy Failure*: The allegations in the complaint are true but the employee's actions were consistent with department policy, and the policy will be examined for revision; 6) *False Complaint*: The allegations are false; and 7) *Exceptional Clearance*: If the complaint cannot be classified into one of the above categories, the chief of police or designee has discretion to classify the complaint as an "exceptional clearance" and must state the reasons for such classification in writing.

## PROCEDURAL HISTORY

On March 15, 2019, Officer Peyton filed an appeal with the Shreveport Municipal Fire and Police Civil Service Board ("Board"), alleging that the sustained complaint was disciplinary or corrective action and an absolute nullity under La. R.S. 40:2531(C).[3] At the August 14, 2019 hearing on the matter, prior to introduction of any evidence or testimony, but after discussion of the procedural history of the matter by counsel for the City and Officer Peyton, Michael Carter, chairman of the Board, asked if there was a stipulation that the City had violated the 60-day rule. Both counsel so stipulated. The chairman requested that the Board's legal counsel advise the Board concerning absolute nullities, which was provided.

The chairman then solicited motions from the members of the Board, which resulted in member Dean Willis's motion: "I make a motion to dismiss the sustained complaint against Officer Orlando Peyton and have it removed from his personnel file, his internal affairs file." That motion passed unanimously. The passing of the motion by the Board pretermitted the hearing requested by the City. Faced with a decision by the Board voting prior to the opportunity to elicit testimony and evidence on the issue of whether the sustained complaint was an adverse action, counsel for the City requested the opportunity proffer certain exhibits and take the

---

[3]La. R.S. 40:2531(C) states:

> There shall be no discipline, demotion, dismissal, or adverse action of any sort taken against a police employee or law enforcement officer unless the investigation is conducted in accordance with the minimum standards provided for in this Section. Any discipline, demotion, dismissal, or adverse action of any sort whatsoever taken against a police employee or law enforcent officer without complete compliance with the foregoing minimum standards is an absolute nullity.

4

testimony of the witnesses. The record was devoid of testimony or evidence regarding the threshold question of whether the sustained complaint was corrective or disciplinary action at the time the Board voted to order the sustained complaint removed. The proffered testimony and evidence provides pertinent information and a record for the reviewing courts to consider in making such a determination.

The City requested the opportunity, "[f]or purposes of appeal," to "proffer testimony briefly," which inquiry was responded to by legal counsel for the Board with: "I think, Mr. Chairman, to perfect the record, I think you ought to let the evidentiary hearing go forward." As the Board had already voted on the item and did not entertain a motion to reconsider that vote, the evidence and testimony was proffered, although not considered by the Board at that time.

Included in that proffer was testimony that the Shreveport Police Department utilizes a progressive disciplinary system, and that during the previous administration, supervisors used an officer's prior disciplinary history in determining current discipline. Lieutenant Gary Jackson testified that the police department has an early intervention program, which allows supervisors to look at the number of sustained complaints against an officer in order to correct behavior.

The IAB files, unlike the personnel files, are indexed by year and complaint number, rather than by an officer's name, but the IAB computer system allows supervisors to search an officer's name to determine the number of sustained complaints against him. The identity of the officer is not redacted from the reports. Finally, testimony adduced that if an officer

applies to another agency, the standard practice is for that agency to request the officer release his IAB files. If an officer refuses to sign the IAB waiver, it is unlikely he would be hired because there would be an assumption that the IAB file would reflect negatively on the applicant.

The City filed a notice of appeal in the First Judicial District Court, Caddo Parish and argued that the Board erred in finding that Officer Peyton had the right to appeal a sustained complaint because no corrective or disciplinary action was given under La. R.S. 33:2501(A) and that the Board's ruling was arbitrary and capricious.[4]

After reviewing the entire record, the briefs submitted by the parties, and hearing oral argument, the district court found that the sustained complaint amounted to adverse action against Officer Peyton, that the Board was not arbitrary and capricious, and that it had acted in good faith. The court noted that the sustained complaint was a public record and, therefore, it could not be destroyed. The court found that the Board acted in good faith when it ordered the sustained complaint to be removed from Officer Peyton's IAB file because it was an adverse action with a negative result against Officer Peyton. The court was particularly concerned with the fact that if Officer Peyton ever wanted to move to another police department, he would likely have to release his IAB file containing the sustained complaint. The court took note of the fact that Officer Peyton was unable to present a

---

[4] La. R.S. 33:2501(A) states:

> Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.

defense to the sustained complaint because the police department failed to meet the statutory guidelines.

The district court issued a judgment on September 8, 2020, stating "for the reasons orally assigned, the court found that a sustained complaint is adverse action under La. R.S. 40:2531(C)" and ordered that the Board acted in good faith and their ruling was affirmed. An identical judgment was issued on September 9, 2020. This appeal followed.

## STANDARD OF REVIEW

La. R.S. 33:2501(E) provides:

(1) Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Part that is prejudicial to the employee or appointing authority. This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled.
…

(3) This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Part. No appeal to the court shall be taken except upon these grounds and except as provided in Subsection D of this Section.

Factual findings in civil service cases are to be given deference by a reviewing court. *Richardson v. City of Shreveport*, 52,203 (La. App. 2 Cir. 6/27/18), 251 So. 3d 691, 697. Review by a district court does not include a trial *de novo*. *Id.* The district court may not substitute its own opinion for that of the Board. *Richardson*, *supra*, *citing Hawkins v. City of Bossier*, 48,959 (La. App. 2 Cir. 4/9/14), 137 So. 3d 128. The Board's decision will not be overturned unless it is manifestly erroneous or arbitrary and capricious. *Johnson v. City of Shreveport*, 52,801 (La. App. 2 Cir. 8/14/19), 276 So. 3d 1128. "If made in good faith and statutory cause, a decision of

7

the civil service board cannot be disturbed on judicial review." *Moore v. Ware*, 01-3341 (La. 2/25/03), 839 So. 2d 940, 945. Good faith does not occur if the appointing authority acts arbitrarily or capriciously, or as a result of prejudice or political expediency. Arbitrary or capricious means there was a lack of rational basis for the action taken. *Johnson*, *supra*; *Richardson*, *supra*.

The intermediate appellate court's review of a civil service board's findings of fact is also limited. Those findings are entitled to the same weight as findings of fact made by a trial court and are not to be overturned in the absence of manifest error. *Johnson*, *supra*; *Richardson*, *supra*.

## DISCUSSION

The framework for investigating complaints against and imposing discipline on law enforcement officers establishes certain procedural due process safeguards to protect the right of challenging the allegations contained in a complaint. The Louisiana Police Officer Bill of Rights establishes minimum standards for investigations. La. R.S. 40:2531(B)(7). Police departments can violate the minimum standards set forth in La. R.S. 40:2531(B)(7) by exceeding the 60-day time limit for completing the administrative investigation. *Liang v. Dep't of Police*, 13-1364 (La. App. 4 Cir. 8/20/14), 147 So. 3d 1221, 1230. The Police Officer Bill of Rights provides that:

> There shall be no discipline, demotion, dismissal, or adverse action of any sort taken against a police employee or law enforcement officer unless the investigation is conducted in accordance with the minimum standards provided for in this Section. Any discipline, demotion, dismissal or adverse action of any sort whatsoever taken against a police employee or law enforcement officer without complete compliance with the foregoing minimum standards is an absolute nullity.

8

La. R.S. 40:2531(C). Any violation of the six minimum standards set forth in the statute renders the proceedings a nullity. *Coburn v. City of Bossier City*, 09-01970, 2012 WL 2427038 (W.D. La. June 26, 2012). The City has not disputed that its investigation into Officer Peyton went beyond the 60-day standard set by La. R.S. 40:2531(B)(7) and that any discipline or adverse action against him would be a complete nullity. As such, the question before the Board and the district court was whether the sustained complaint was discipline or adverse action against Officer Peyton.

**First Assignment of Error: The District Court erred in finding that the classification of the complaint against Officer Peyton as "sustained" was a "corrective or disciplinary action" such that he was entitled to an appeal under La. R.S. 2501(A).**

The City argues that Officer Peyton had no right to appeal to the Board about the sustained complaint in his IAB file because the sustained complaint is not corrective or disciplinary action. La. R.S. 33:2501(A) provides:

> Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.

La. R.S. 33:2501(A) provides when the Board '*shall*' grant the employee a hearing, and the provisions are mandatory. *Hewitt v. Lafayette Mun. Fire & Police Civ. Serv. Bd.*, 13-1429 (La. App. 3 Cir. 6/4/14), 139 So. 3d 1213, 1222.

La. R.S. 33:2500(B) defines disciplinary action:

> Unless the cause or condition justifies an employee being permanently removed from the service, disciplinary action may

9

extend to suspension without pay for a period not exceeding the aggregate of ninety days in any period of twelve consecutive months, reduction in pay to the rate prevailing for the next lower class, reduction or demotion to a position of any lower class and to the rate of pay prevailing therefor, ***or such other less drastic action that may be appropriate under the circumstances***. Nothing contained herein shall prevent any employee who is physically unable to perform the duties of his position from exercising his rights of voluntary retirement under any applicable law.

(emphasis added).

In *Mills v. City of Shreveport*, 58 F. Supp. 3d 677 (W.D. La. 2014), a federal court examined Section 2501 to determine whether the documented verbal counseling to a Shreveport police officer was considered corrective or disciplinary action. The court found that the documented verbal counseling fell within the scope of Section 2501 as a disciplinary or corrective action because the documentation was placed in the officer's personnel file and would stay there until after he retires. *Id.* at 685. The court stated that even if the documented verbal counseling was not disciplinary action, it was, at the very least, corrective action. As evidence of this fact, the court noted evidence presented that the point of verbal counseling was to obtain compliance with established rules and to explain to the officer how the department expects him to behave. *Id.* Thus, the court found that the board was required to grant the officer's request for an appeal hearing.

In *Burkart v. New Orleans Police Dep't*, 01-1237 (La. App. 4 Cir. 2/13/02), 811 So. 2d 42, the court held that a disciplinary action includes a letter of reprimand in an officer's personnel file because it "will remain as a permanent black mark in his personnel record and might be weighed against him when employment decisions were made affecting him in the future at a time when appellant would have no means of correcting the record."

In *Hebert v. New Orleans Police Dep't*, 01-1165 (La. App. 4 Cir. 12/19/01), 805 So. 2d 345, *writ denied*, 02-0243 (La. 4/22/02), 811 So. 2d 932, a New Orleans police officer argued that a letter of reprimand that was placed in his permanent record was a form of disciplinary action and, thus, he had the right to appeal its placement in his file. The police department argued that a letter of reprimand is managerial discretion that allows it to correct minor problems before they grow into major ones and that the "mere theoretical effect" of the letter of reprimand on possible promotions or future employment was too abstract to constitute a property interest or to otherwise justify a right to an appeal. *Id.* at 350. The court found that the officer had a right to appeal the letter of reprimand, due to its permanent nature in his file. *Id.* at 351.

In the present matter, the district court specifically found that the sustained complaint was an adverse action against Officer Peyton. The court considered the Shreveport Police Department's former policy of using sustained complaints in progressive discipline, the potential disclosure of the sustained complaint to future employers, the ability of current supervisors to access the sustained complaint, and the police department's admitted use of sustained complaints to determine the need for an early intervention program for officers. A sustained complaint is clearly intended to be used as corrective or disciplinary in nature, and such an adverse action is reviewable on appeal. Considering the above, we cannot find that the court was manifestly erroneous in finding that the sustained complaint was an adverse action, and as such, the Board was mandated to hear Officer Peyton's appeal. This assignment of error lacks merit.

**Second Assignment of Error:** The district court erred in finding that the Shreveport Municipal Fire and Police Civil Service Board's ruling that the sustained complaint against Officer Peyton be "dismissed" and that it be "removed from his personnel file, his internal affairs file" was made in good faith and for cause.

The City argues that the Board's finding that the sustained complaint was an absolute nullity and should be removed from Officer Peyton's file was arbitrary and capricious because the Board failed to consider the administrative purposes for maintaining IAB files, as well as the difference between an officer's IAB file and personnel file. Officer Peyton argues that the Board's decision to order the sustained complaint removed from his file was made in good faith and for cause. Officer Peyton notes that the Board never ordered the document to be destroyed but, rather, simply removed from his file.

The role of a reviewing court in civil service appeals is confined to a determination of whether the Board's decision was made in good faith for statutory cause pursuant to La. R.S. 33:2501(E)(3). "If made in good faith and statutory cause, a decision of the civil service board cannot be disturbed on judicial review." *Moore*, *supra*. Good faith does not occur if the appointing authority acts arbitrarily or capriciously, or as a result of prejudice or political expediency. Arbitrary or capricious means there was a lack of rational basis for the action taken. *Johnson*, *supra*; *Richardson*, *supra*. The civil service board's factual conclusions should be given deference and will not be overturned if there is any evidence to support them and they are not manifestly erroneous or arbitrary. *Deal v. Monroe Mun. Fire & Police Civil Serv. Bd.*, 33,025 (La. App. 2 Cir. 6/21/00), 764 So. 2d 257, 259.

12

A review of the Board's hearing on the matter confirms that it reached its decision to remove the sustained complaint from the IAB file because the City had violated the 60-day standard set by R.S. 40:2531(B)(7). The district court considered the record before it, which included the proffered testimony of Captain Gayle McFarland and Lt. Jackson and arguments by counsel for the City, Officer Peyton, and the Board. There is evidence of a lengthy discussion of the difference between personnel files and IAB files, including the physical location of the files and the administrative differences between the files. The Board discussed the fact that the sustained complaint might be a public record and the effect on the sustained complaint as an absolute nullity under La. R.S. 40:2531(C).

The district court carefully examined the record submitted with the City's appeal in order to determine if the Board's decision was made in good faith and for cause. The City strenuously argued before the court that the Board's decision was arbitrary and capricious when compared to a decision it made after the Peyton hearing regarding a different officer and a "preventable" accident designation being maintained in a crash review board file. However, "[c]ourts look only to the evidence presented before the Board and review this evidence in light of the presumption that the Board found sufficient facts to afford a legal basis for its decision." *Deal*, *supra*, *citing Shields v. City of Shreveport*, 579 So. 2d 961 (La. 1991).

The court examined the Board's ruling and considered the proffered testimony. The district court found that the Board was not arbitrary and capricious and acted in good faith. The sustained complaint was an adverse action, against which Officer Peyton was not afforded the opportunity to

13

contest the allegations made in the complaint. The failure to comply with the time delays established for the investigation resulted in the sustained complaint being a nullity. It is apparent from the record before us that the district court thoroughly reviewed the evidence and testimony provided to the Board, proffered or otherwise, and we cannot find that the conclusion of the district court was manifestly erroneous or legally incorrect. This assignment of error likewise lacks merit.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed. Costs of appeal are assessed to Plaintiff, City of Shreveport, for an amount totaling $2,422.92.

**AFFIRMED.**